NO. 07-01-0370-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 19, 2001

_____

ELVIS GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13957-0102; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Elvis Gonzalez appeals from the revocation of his community supervision. We dismiss for want of jurisdiction.

BACKGROUND

On February 27, 2001, in the 242nd District Court of Hale County, Texas, appellant pled guilty to the offense of Assault on a Public Servant. The plea was pursuant to a plea

bargain which was honored by the trial court. The trial court found appellant guilty, sentenced appellant to 2 years incarceration in the Texas Department of Criminal Justice, Institutional Division, assessed a $500 fine, suspended imposition of the incarceration portion of the sentence, and placed appellant on community supervision for 2 years.

On May 10, 2001, the State filed a motion to revoke appellant's community supervision. The motion was heard on August 6, 2001, and the trial court entered judgment on that date revoking appellant's community supervision and imposing sentence of 2 years incarceration, a $500 fine, court costs and attorney's fees. Appellant filed neither a motion for new trial nor a motion to extend time to file notice of appeal. On September 7, 2001, appellant filed notice of appeal from the judgment of August 6, 2001.

On October 9, 2001, this court abated the appeal pending consideration of appellate jurisdiction. On November 5, 2001, pursuant to our notice of abatement, appellant filed a brief addressing this court's jurisdiction.

LAW

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal defendant no later than 30 days after the date sentence is imposed in open court. TEX. R. APP. P. 21.4(a). The time for filing a notice of appeal may be extended for 15 days

2

under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000). Thus, if an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).

## ANALYSIS

Appellant's notice of appeal was not timely filed. A motion to extend time to file the notice of appeal was not filed. Accordingly, this court does not have jurisdiction over the appeal. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.

The appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 39.8, 40.2, 43.2.

Phil Johnson
Justice

Do not publish.

3