Dismissed and Opinion filed September 19, 2002









Dismissed and Opinion filed September 19, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00932-CR

____________

 

WADE KENNETH CUCCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
230th District Court

Harris County,
Texas

Trial Court Cause
No. 910,557

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
pled guilty to the offense of aggravated robbery on July 3, 2002.  In accordance with the terms of a plea
bargain agreement with the State, the trial court sentenced appellant to seven
years= incarceration in the Texas
Department of Criminal Justice, Institutional Division.  Because we have no jurisdiction over this appeal,
we dismiss.          








A
defendant=s notice of appeal must be filed
within thirty days after sentence is imposed when the defendant has not filed a
motion for new trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of
appeal which complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If
an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
See id.

Appellant
did not file his notice of appeal until August 23, 2002.  Additionally, appellant filed a general
notice of appeal that did not comply with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v. Riewe, 13 S.W.3d 408,
413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal was both untimely
and did not comply with the requirements of Rule 25.2(b)(3),
we are without jurisdiction to consider any of appellant=s issues.

Accordingly,
we dismiss the appeal for want of jurisdiction. 


 

 

 

PER CURIAM

 

 

Judgment rendered and Opinion filed September 19,
2002.

Panel consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).