**The STATE of Texas,**

v.

**Susan Margaret RIEWE, Appellee.**

**No. 699–99.**

Court of Criminal Appeals of Texas.

March 8, 2000.

Leigh Taylor Logan, Dallas, for appellant.

John R. Rolater, Jr., Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for the State.

1. Unless otherwise indicated, all references to Articles refer to the Texas Code of Criminal Procedure.

## OPINION

KEASLER, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MEYERS, MANSFIELD, PRICE, HOLLAND, and JOHNSON, J.J., joined.

The trial court granted Susan Riewe's motion to suppress, and the State appealed. Its notice of appeal did not certify that the appeal was not taken for the purposes of delay and that the evidence suppressed was of substantial importance in the case, as required by statute. The State later filed an amended notice of appeal containing the certifications. We must consider whether the lack of timely certifications deprived the court of appeals of jurisdiction over the case, and if so, whether the amended notice of appeal was sufficient to retroactively confer jurisdiction on the appellate court. We conclude that the certification requirement is jurisdictional, and that jurisdiction cannot be retroactively obtained.

### Facts

Riewe was charged with driving while intoxicated. She filed a motion to suppress, which the trial court granted. The State appealed, but its notice of appeal did not comply with Article 44.01(a)(5)[1] because it did not certify that the appeal was "not taken for the purpose of delay" and that the evidence was "of substantial importance in the case." After the State filed its brief on appeal, it filed a request to amend its notice of appeal and an amended notice of appeal containing those recitals.

The Court of Appeals denied the State's request to amend and dismissed the appeal for want of jurisdiction.[2] The Court relied on *State v. Muller*[3] for the proposition that the State's notice of appeal must comply with Art. 44.01 and be filed within fifteen days of the order appealed in order

2. *State v. Riewe,* 997 S.W.2d 644 (Tex.App.— Dallas 1999).

3. 829 S.W.2d 805 (Tex.Crim.App.1992).

to invoke the jurisdiction of the appellate court. The State argued that *Muller* does not control because the 1997 amendments to the Texas Rules of Appellate Procedure allow a party to amend its notice of appeal. The Court of Appeals rejected this argument, noting that the rules may not be employed to enlarge the substantive rights of litigants.

We granted the State's petition for discretionary review, which asks, "Did the Court of Appeals err by dismissing the appeal for lack of jurisdiction when the State timely filed a notice of appeal signed by the prosecuting attorney?"

### Jurisdiction

 Jurisdiction concerns the power of a court to hear and determine a case.[4] Appellate jurisdiction is invoked by giving notice of appeal.[5] The notice of appeal must be timely[6] and must be in writing[7] to invoke a court of appeals' jurisdiction. In addition, in State-prosecuted appeals, the failure of the elected prosecuting attorney, as opposed to an assistant, to make the appeal is a jurisdictional defect.[8]

When our Legislature adopted Art. 44.01, it made clear its intent to afford the State the same appellate powers afforded the federal government under 18 U.S.C. § 3731.[9] The federal statute provides, in relevant part, as follows:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the re-turn of seized property in a criminal proceeding ... if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.
>
> \* \* \*
>
> The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

Federal courts have held that the certification requirement in this statute is not jurisdictional.[10] Indeed, this result seems dictated by Federal Rule of Appellate Procedure 3(a), which provides that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Based on Rule 3(a), the Ninth Circuit concludes that the failure of the U.S. Attorney to file the certification is an error which they may, in their discretion, use to dismiss the appeal, but it does not deprive the court of jurisdiction.[11]

Two of our courts of appeals reason that, since the language of Art. 44.01 was borrowed from 18 U.S.C. § 3731, and the federal requirement is not jurisdictional, then the state requirement must not be jurisdictional.[12] But this ignores the differences between the Texas and the Fed-

---

4. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim.App.1996).

5. *Lemmons v. State*, 818 S.W.2d 58, 60 (Tex. Crim.App.1991).

6. *Olivo*, 918 S.W.2d at 522.

7. *Shute v. State*, 744 S.W.2d 96, 97 (Tex.Crim. App.1988).

8. *Muller*, 829 S.W.2d at 811–12.

9. *State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Crim.App.1991).

10. *United States v. Bailey*, 136 F.3d 1160, 1163 (7th Cir.1998); *United States v. Miller*, 952 F.2d 866, 875 (5th Cir.1992); *United States v. Becker*, 929 F.2d 442, 445 (9th Cir. 1991); *United States v. Kleve*, 465 F.2d 187, 190 (8th Cir.1972); *United States v. Welsch*, 446 F.2d 220, 224 (10th Cir.1971).

11. *Becker*, 929 F.2d at 445.

12. *State v. McCray*, 986 S.W.2d 259 (Tex. App.—Texarkana 1998, pet. ref'd); *State v. Brown*, 929 S.W.2d 588 (Tex.App.—Corpus Christi 1996, pet. ref'd).

eral Rules of Appellate Procedure. Texas has no rule similar to Federal Rule 3(a). On the contrary, our Rule 25.2(b)(2) specifically provides that a notice of appeal is "sufficient" if it shows the party's desire to appeal "and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01." So our very Rules require compliance with the certification requirement in order for a notice of appeal to be "sufficient." The Federal Rules do not.

■ We are mindful of the general proposition that, when the legislature adopts the language of a foreign statute, it also adopts the foreign construction of that statute.[13] But we have recognized that that rule does not apply if the laws of this State require a different result.[14] Because our appellate rules are different than the federal rules, the federal opinions cannot resolve this issue for us.

Indeed, more relevant than the federal courts' constructions of § 3731, we think, is our own previous interpretation of Art. 44.01. In *Muller*, we made clear that "the State's noncompliance with the specific provisions of Art. 44.01[is] a substantive failure to invoke the court of appeals' statutorily defined jurisdiction."[15] We concluded that Art. 44.01 "does more than merely prescribe a procedural guideline for filing the State's notice of appeal. Rather it limits the State's substantive authority to appeal."[16]

■ The certification requirement is in Art. 44.01, and we have held that the failure to comply with Art. 44.01 is a substantive defect which deprives the court of appeals of jurisdiction. Therefore, we must conclude that the certification requirement is jurisdictional, and the State's notice of appeal in this case failed to confer jurisdiction on the court of appeals.

The State argues that its notice of appeal was sufficient to invoke the jurisdiction of the court of appeals simply because it was timely, relying on *Olivo*. While we did hold in *Olivo* that only a timely notice of appeal will invoke the court's jurisdiction, we did not hold that timeliness is the only requirement for jurisdiction. Indeed, as noted above, in order for a State's notice of appeal to invoke the court of appeals' jurisdiction, it must be timely,[17] it must be in writing,[18] and it must be "made" by the elected prosecuting attorney.[19] And today we hold that it must contain a certification that the appeal is not made for the purposes of delay and that the evidence, confession, or admission is of substantial importance to the case.

The State also contends that, while Art. 44.01(a)(5) requires certain certifications by the State, it does not require that those certifications appear in the notice of appeal. So, the State argues, Art. 44.01(a)(5) can be complied with by filing a notice of appeal in combination with a separate letter which contains the certifications. There is some support for this argument; we held in *Riley v. State* that the court of appeals had jurisdiction over the appeal when the information required by former Rule 40(b)(1) was not in the notice of appeal but was contained in an order in the appellate record.[20] Nevertheless, regardless of any merit to the State's argument, Riewe points out that the State did not timely file such a "companion letter" in this case, so jurisdiction was not obtained.

---

13. *Moreno*, 807 S.W.2d at 332 n. 5.

14. *State v. Klein*, 154 Tex.Crim. 31, 224 S.W.2d 250, 253 (1949).

15. *Muller*, 829 S.W.2d at 812.

16. *Ibid., citing State v. Demaret*, 764 S.W.2d 857, 858 (Tex.App.—Austin 1989, no pet.).

17. *Olivo*, 918 S.W.2d at 522.

18. *Shute*, 744 S.W.2d at 97.

19. *Muller*, 829 S.W.2d at 811–12.

20. *Riley v. State*, 825 S.W.2d 699, 701 (Tex. Crim.App.1992).

## Retroactive Acquisition of Jurisdiction

 The State next argues that, even if its original notice of appeal failed to confer jurisdiction on the court of appeals, its amended notice of appeal contained the necessary certification and so the court of appeals retroactively acquired jurisdiction.

We consistently held under the former Rules of Appellate Procedure that jurisdiction could not be retroactively obtained. In *Muller*, the State's notice of appeal failed to invoke the jurisdiction of the appellate court. We noted that the substantive defects in the notice of appeal were "not susceptible to correction through application of the 'amendment and cure' provisions of the Texas Rules of Appellate Procedure."[21]

In *Garza v. State*,[22] the court of appeals issued a revised opinion pursuant to former Rule 101, but it did so after the time limit for doing so had expired. The appellant argued that the court was permitted to extend the time limit under former Rule 2(b). We disagreed. We noted the language of former Rule 2(a), which provided that the Rules "shall not be construed as to extend or limit the jurisdiction of the courts of appeal."[23] We held that the court of appeals was without jurisdiction to issue the Rule 101 opinion.[24] In doing so, we recognized that "[t]he time limits set forth in the Rules of Appellate Procedure are not discretionary. The courts of appeals have no authority to suspend the operation of a rule of appellate procedure in order to create jurisdiction in the court of appeals where no jurisdiction exists."[25]

In *Oldham v. State*,[26] we addressed the ability of a court of appeals to extend a trial court's jurisdiction. In that case, the court of appeals abated the appeal and remanded the cause to the trial court to allow the defendant to file a motion for new trial. Although former Rule 31(a)(1) set forth a time limit on filing motions for new trial, and that time limit had expired, the court of appeals held it had the authority to extend the deadline pursuant to former Rule 2(b). We reversed. We held that former Rule 2(b) was an "escape valve" that should be used to shorten time limits when a case becomes "unduly stalled or delayed in the appellate process due to procedural rules."[27] The rule was not intended to be used to lengthen procedural time limits, "even in an effort to protect the substantive rights of litigants."[28]

In *Davis v. State*,[29] the defendant's general notice of appeal was insufficient to confer jurisdiction on the appellate court to review the trial court's ruling on the motion to suppress. The defendant attempted to file an amended notice of appeal after the court of appeals had handed down its opinion to correct the defect. We noted that "[a] defendant may not be permitted to amend a notice of appeal out of time."[30]

Finally, in *Jones v. State*,[31] the defendant filed a general notice of appeal, then sought to appeal the trial court's decision overruling his motion to quash. The court of appeals considered the merits of the defendant's claim, reasoning that former Rule 83 allowed the defendant to amend his notice of appeal out of time. We held that Rule 83 did not permit the court of

21. *Muller*, 829 S.W.2d at 812.

22. 896 S.W.2d 192 (Tex.Crim.App.1995).

23. *Id.* at 194.

24. *Id.* at 195.

25. *Id.* at 194.

26. 977 S.W.2d 354 (Tex.Crim.App.1998).

27. *Oldham*, 977 S.W.2d at 360.

28. *Ibid.*

29. 870 S.W.2d 43 (Tex.Crim.App.1994).

30. *Id.* at 47, *citing Jones v. State*, 796 S.W.2d 183, 187 (Tex.Crim.App.1990).

31. 796 S.W.2d at 186–87.

appeals to do so.[32]

So under the former Rules, the jurisdiction of an appellate court could not be retroactively obtained. Once it was lost, it was lost forever.

### Rule 25.2(d)

The next question is whether current Rule 25.2(d) alters these holdings. Rule 25.2(d) provides as follows:

(d) *Amending the notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

At least two courts of appeals have concluded that Rule 25.2 changes our previous holdings and allows an out-of-time amendment to cure a jurisdictional defect in the notice of appeal. In *Glenn v. State*,[33] the defendant's general notice of appeal did not confer jurisdiction on the appellate court to review his claim regarding the denial of a pretrial motion. The First Court of Appeals initially held that it lacked jurisdiction over the appeal. On rehearing, the court held that Rule 25.2(d) "expressly allows amendment of the notice of appeal to correct defects, after the appellant's brief is filed, on leave of the appellate court."[34] The court distinguished *Jones, Davis,* and *Olivo,* because, it said, those cases addressed the effect of a sepa-rate rule, Rule 83, on the jurisdictional requirements in Rule 40(b)(1).[35] In contrast, the court held, "[c]urrent appellate rule 25.2(d) *is itself* part of the rule establishing the procedure for invoking appellate jurisdiction."[36] The Eighth Court of Appeals agrees.[37]

We disagree with the notion that the presence of the pertinent language in Rule 25.2(d), as opposed to some other rule, has any impact on the meaning of the language. The issue should not be resolved simply because the provision allowing amending of a notice of appeal is in Rule 25.2(d). The question remains, does this language enable a court of appeals to enlarge upon its jurisdiction? We conclude that it does not.

It is true that Rule 25.2(d) allows an amendment to a notice of appeal. But when the Legislature granted this Court rule-making authority, it expressly provided that the rules could not abridge, enlarge or modify the substantive rights of a litigant.[38] And our caselaw prevents a court of appeals from using an appellate rule to create jurisdiction where none exists.[39] It does not matter which appellate rule the court of appeals attempts to use, be it former Rule 83, former Rule 2(b), or current Rule 25.2(d). The point is that, once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction.[40] Even a claimed deprivation of constitutional rights cannot confer jurisdiction upon a court where none exists, anymore than parties can by agreement confer jurisdiction upon a court.[41] So any amendments made pur-

---

**32.** *Ibid.*

**33.** 991 S.W.2d 285 (Tex.App.—Houston [1 st Dist.] 1998, pet. ref'd).

**34.** *Id.* at 289 (op. on reh'g).

**35.** *Id.* at 289 n. 3.

**36.** *Ibid.* (emphasis in original).

**37.** *Rodriguez v. State,* 988 S.W.2d 351 (Tex. App.—El Paso 1999, no pet.) (op. on motion).

**38.** *Lyon,* 872 S.W.2d at 735; Tex. Gov't Code § 22.108(a).

**39.** *Olivo,* 918 S.W.2d at 523.

**40.** *Ibid.*

**41.** *Id.* at 525.

suant to Rule 25.2(d) cannot be jurisdictional amendments.

In the instant case, the State filed its motion to amend notice of appeal and its amended notice of appeal after it had filed its appellate brief. At that point, the court of appeals had no jurisdiction over the case. Its dismissal of the appeal for want of jurisdiction was proper.

### Conclusion

We affirm the decision of the court of appeals.

WOMACK, J., delivered a concurring opinion.

KELLER, J., did not participate.

WOMACK, J., Concurring.

I believe that if the State had filed the amended notice of appeal before it filed its brief, as Rule of Appellate Procedure 25.2(d) requires, the appeal would have been proper. I do not agree that that rule enlarges the substantive right to appeal. It merely enlarges the time within which a party may exercise the right.