In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00201-CR


______________________________




THE STATE OF TEXAS, Appellant



V.



PAUL WESLEY SCRIBNER, Appellee




 


On Appeal from the 6th Judicial District Court


Fannin County, Texas


Trial Court No. 19815




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Paul Scribner was charged with manufacture of a controlled substance in Fannin
County. He moved to suppress evidence seized from his home. The trial court granted
the motion. The State has filed a notice of appeal which does not state that the appeal
was not taken for the purpose of delay and that the evidence is of substantial importance
to the case. The notice of appeal was signed by an assistant county attorney. We noted
a probable jurisdictional defect and, on November 7, 2001, we wrote a letter in which we
pointed out the defects and invited the State to provide a response explaining how we had
jurisdiction over the appeal. No response has been filed. 

 The initial question before this Court is whether the notice of appeal serves to
provide jurisdiction for this Court.

 On October 9, 2001, the trial court granted Scribner's motion to suppress. The
State filed its timely notice of appeal on October 16, 2001. See Tex. Code Crim. Proc.
Ann. art. 44.01(d) (Vernon Supp. 2002).

 Article 44.01 provides that the State is entitled to appeal an order granting a motion
to suppress evidence if jeopardy has not attached to the case and if the prosecuting
attorney certifies to the trial court that the appeal is not taken for the purpose of delay and
that the evidence is of substantial importance to the case. See Tex. Code Crim. Proc.
Ann. art. 44.01(a)(5) (Vernon Supp. 2002). 

 The Texas Court of Criminal Appeals strictly construes the statutory requirements
of Article 44.01, which establishes the State's limited right of appeal. State v. Riewe, 13
S.W.3d 408, 411 (Tex. Crim. App. 2000); State v. Muller, 829 S.W.2d 805, 812-13 (Tex.
Crim. App. 1992). Further, the court has held that the certification requirement of Article
44.01 is jurisdictional. Riewe, 13 S.W.3d at 413. Therefore, because the State's notice
of appeal lacked the certification requirement, it failed to confer jurisdiction on this Court. 
See id.

 In addition, a failure to comply with Article 44.01 is substantive and is not
susceptible to correction through application of the "amendment and cure" provisions in
the Texas Rules of Appellate Procedure. Riewe, 13 S.W.3d at 410-12; Muller, 829 S.W.2d
at 812. Therefore, the Rules of Appellate Procedure, including the amendment provision
of Rule 25.2(d), cannot expand the state's power to obtain jurisdiction before an appellate
court. Riewe, 13 S.W.3d at 413; see Tex. R. App. P. 25.2(d). In addition, in
state-prosecuted appeals, the failure of the elected prosecuting attorney, as opposed to
an assistant, to make the appeal is a jurisdictional defect. Riewe, 13 S.W.3d at 410.

 In this case, the State's notice of appeal did not comply with Article 44.01 because
it did not certify that the appeal was not taken for the purpose of delay or that the evidence
was of substantial importance to the case, and also because it was signed by an assistant
rather than by the elected prosecuting attorney.


 The appeal is dismissed for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: December 19, 2001

Date Decided: December 19, 2001


Do Not Publish




atory facts and circumstances tend to connect the appellant to the offense. Id. Mere
presence at the scene is not enough to corroborate the accomplice testimony. Id. at 708; Torres, 137
S.W.3d at 196. However, presence of the accused at or near the scene of the crime at or about the
time of its commission, coupled with other suspicious circumstances, may be sufficient to tend to
connect the accused to the crime. Brown, 159 S.W.3d at 708. "Even apparently insignificant
incriminating suspicious circumstances may sometimes prove to be sufficient corroboration." Id.;
Torres, 137 S.W.3d at 196; see Munoz v. State, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993);
Cantelon, 85 S.W.3d at 461. Cumulative evidence of "suspicious circumstances" may be sufficient
even if none of the circumstances would be sufficient individually. Cantelon, 85 S.W.3d at 460-61. 
The corroborating evidence does not need to prove all the elements of the alleged offense or directly
link the accused to the commission of the offense; the covert-witness rule merely requires some
evidence which tends to connect the accused to the offense. Jeffery v. State, 169 S.W.3d 439, 448
(Tex. App.--Texarkana 2005, pet. ref'd); see Torres, 137 S.W.3d at 196.

 A judicial confession by the accused may be sufficient to corroborate the testimony of a
covert witness even if the confession contains exculpatory assertions. See Jackson v. State, 516
S.W.2d 167, 171 (Tex. Crim. App. 1974) (judicial confession sufficient to corroborate accomplice
testimony despite defendant's testimony he acted in self-defense); see also Thompson v. State, 54
S.W.3d 88, 94 (Tex. App.--Tyler 2001, pet. ref'd). Jones admitted to accepting money from Beasley
in exchange for the morphine. In addition, a videotape (2) of the transaction between Jones and Beasley
was introduced into evidence. The videotape shows Beasley and Jones exchanging money and pills. 
The audio portion of the videotape includes a discussion of the morphine purchase. There is
sufficient corroboration of the covert witness's testimony. We overrule Jones's sole point of error.

 Because there is sufficient corroboration of the covert witness's testimony, we affirm Jones's
conviction.



 Bailey C. Moseley

 Justice


Date Submitted: November 22, 2006

Date Decided: February 1, 2007


Do Not Publish


1. Tex. Health & Safety Code Ann. § 481.114(b) (Vernon 2003).
2. We note three videotapes of drug transactions between Jones and Beasley were introduced
into evidence. The videotape which records Beasley purchasing morphine from Jones was recorded
on or about January 30, 2004. In a related appeal, Jones appeals a separate conviction for selling
Beasley Vicodin. See Jones v. State, cause number 06-06-00056-CR.