TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00133-CR






The State of Texas, Appellant



v.



Douglas Wayne Steen, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-01-0775-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING






 The State's appeal from the trial court's order granting appellee's motion to suppress
evidence will be dismissed because of this Court's lack of jurisdiction. The State's notice of appeal
is not sufficient to invoke the jurisdiction of this Court.

 To perfect its appeal, the State's notice of appeal must comply with the Code of
Criminal Procedure article 44.01. See Tex. R. App. P. 25.2(b)(2). Article 44.01 provides:



 The state is entitled to appeal an order of a court in a criminal case if the
order:




 
 grants a motion to suppress evidence, a confession, or an admission,
if jeopardy has not attached in the case and if the prosecuting attorney
certifies to the trial court that the appeal is not taken for the purpose of
delay and that the evidence, confession, or admission is of substantial
importance in the case.
 




Tex. Code Crim. Proc. art. 44.01(a)(5) (West Supp. 2002).


 The State gave the following notice of appeal:


NOTICE OF APPEAL



 Comes Now the State of Texas, and files this its Notice of Appeal in this cause
reflecting its intention to appeal the granting of the Defendant's Motion to Suppress
in this cause and would show:


I.



 This notice is filed pursuant to Tex. Code Crim. Proc. Ann. art. 44.01
(Vernon Supp. 1994). Jeopardy has not attached. The undersigned prosecuting
attorney certifies that the appeal is not taken for the purpose of delay.


 Respectfully submitted,


 Here, the prosecuting attorney gave timely notice of appeal; the notice of appeal states
that "jeopardy has not attached" and "the prosecuting attorney certifies that the appeal is not taken
for the purpose of delay." However, the prosecuting attorney did not certify that the evidence
suppressed was "of substantial importance in the case." Because of this omission in the State's
notice of appeal, the State has not invoked the jurisdiction of this Court. See State v. Riewe, 13
S.W.3d 408, 411 (Tex. Crim. App. 2000).

 The State's notice of appeal in Riewe did not comply with article 44.01(a)(5) "because
it did not certify that the appeal was 'not taken for the purpose of delay' and that the evidence was
'of substantial importance in the case.'" Id. at 409. The Riewe court decided: "And today we hold
that [notice of appeal] must contain a certification that the appeal is not made for the purpose of
delay and that the evidence, confession, or admission is of substantial importance in the case." Id.
at 411.

 Moreover, in Riewe, the court held that the State could not amend its notice of appeal
after it had filed its appellate brief. Id. at 413-14.

 Because the State never invoked this Court's jurisdiction, we do not address this case
on the merits. We dismiss this appeal for want of jurisdiction.



 __________________________________________

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally*

Dismissed for Want of Jurisdiction

Filed: June 6, 2002

Do Not Publish


















* Before Carl E. F. Dally, Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).