# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00133-CR

**The State of Texas, Appellant**

**v.**

**Douglas Wayne Steen, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-01-0775-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

The State=s appeal from the trial court=s order granting appellee=s motion to suppress evidence will be dismissed because of this Court=s lack of jurisdiction. The State=s notice of appeal is not sufficient to invoke the jurisdiction of this Court.

To perfect its appeal, the State=s notice of appeal must comply with the Code of Criminal Procedure article 44.01. *See* Tex. R. App. P. 25.2(b)(2). Article 44.01 provides:

> (a) The state is entitled to appeal an order of a court in a criminal case if the order:
>
> > (5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

Tex. Code Crim. Proc. art. 44.01(a)(5) (West Supp. 2002).

The State gave the following notice of appeal:

## NOTICE OF APPEAL

Comes Now the State of Texas, and files this its Notice of Appeal in this cause reflecting its intention to appeal the granting of the Defendant's Motion to Suppress in this cause and would show:

### I.

This notice is filed pursuant to **Tex. Code Crim. Proc. Ann. art. 44.01 (Vernon Supp. 1994).** Jeopardy has not attached. The undersigned prosecuting attorney certifies that the appeal is not taken for the purpose of delay.

Respectfully submitted,

Here, the prosecuting attorney gave timely notice of appeal; the notice of appeal states that Ajeopardy has not attached@ and Athe prosecuting attorney certifies that the appeal is not taken for the purpose of delay.@ However, the prosecuting attorney did not certify that the evidence suppressed was Aof substantial importance in the case.@ Because of this omission in the State=s notice of appeal, the State has not invoked the jurisdiction of this Court. *See State v. Riewe*, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000).

The State=s notice of appeal in *Riewe* did not comply with article 44.01(a)(5) Abecause it did not certify that the appeal was >not taken for the purpose of delay= and that the evidence was >of substantial importance in the case.=@ *Id*. at 409. The *Riewe* court decided: AAnd today we hold that [notice of appeal] must contain a certification that the appeal is not made for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.@ *Id*. at 411.

Moreover, in *Riewe*, the court held that the State could not amend its notice of appeal after it had filed its appellate brief. *Id*. at 413-14.

Because the State never invoked this Court=s jurisdiction, we do not address this case on the merits. We dismiss this appeal for want of jurisdiction.

_____

Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally[*]

Dismissed for Want of Jurisdiction

Filed: June 6, 2002

Do Not Publish