NO. 07-02-0494-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 17, 2003



______________________________




JOHN DALE HARVEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 40,785-A; HONORABLE JOHN T. FORBIS, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION (2)


 Pursuant to a guilty plea, appellant was granted deferred adjudication for
aggravated assault with a deadly weapon and was placed on community supervision for
ten years. Upon the State's amended motion, the trial court heard evidence and
adjudicated appellant guilty of the charged offense and assessed punishment at ten years
confinement. After appellant filed his notice of appeal, the State filed a motion to dismiss
for want of jurisdiction. We grant the State's motion and dismiss the purported appeal.

 A timely and proper notice of appeal invokes this Court's jurisdiction. State v.
Riewe, 13 S.W.3d 408, 410 (Tex.Cr.App. 2000). Appellant was sentenced on September
10, 2002, and without filing a motion for new trial, filed his notice of appeal on November
25, 2002. When no motion for new trial is filed, a notice of appeal must be filed within 30
days of the date sentence was imposed. Tex. R. App. P. 26.2(a)(1). The notice filed by
appellant 76 days after sentence was imposed is untimely and thus, we are without
jurisdiction to entertain this purported appeal. (3) 

 Accordingly, the State's motion to dismiss is granted and the purported appeal is
dismissed for want of jurisdiction. 

 Don H. Reavis

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.4.
3. Appellant may have a remedy by filing a post-conviction writ of habeas corpus
returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time
appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2003).



l a judgment of
conviction and sentence entered against him in cause number 4074 in the 46th District
Court of Hardeman County, Texas. However, appellant has now filed a motion to dismiss
his appeal.
          Because the motion meets the requirements of Texas Rule of Appellate Procedure
42.2(a) and this Court has not delivered its decision prior to receiving it, the motion is
hereby granted and the appeal is dismissed. Having dismissed the appeal at appellant’s
request, no motion for rehearing will be entertained and our mandate will issue.
 
                                                                           Makey K. Hancock

                                                                                    Justice







Do not publish.