NO. 07-02-0494-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 17, 2003

_____

JOHN DALE HARVEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,785-A; HONORABLE JOHN T. FORBIS, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

**MEMORANDUM OPINION[1]**

Pursuant to a guilty plea, appellant was granted deferred adjudication for aggravated assault with a deadly weapon and was placed on community supervision for

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.4.

ten years. Upon the State's amended motion, the trial court heard evidence and adjudicated appellant guilty of the charged offense and assessed punishment at ten years confinement. After appellant filed his notice of appeal, the State filed a motion to dismiss for want of jurisdiction. We grant the State's motion and dismiss the purported appeal.

A timely and proper notice of appeal invokes this Court's jurisdiction. State v. Riewe, 13 S.W.3d 408, 410 (Tex.Cr.App. 2000). Appellant was sentenced on September 10, 2002, and without filing a motion for new trial, filed his notice of appeal on November 25, 2002. When no motion for new trial is filed, a notice of appeal must be filed within 30 days of the date sentence was imposed. Tex. R. App. P. 26.2(a)(1). The notice filed by appellant 76 days after sentence was imposed is untimely and thus, we are without jurisdiction to entertain this purported appeal.[2]

Accordingly, the State's motion to dismiss is granted and the purported appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.

---

[2]Appellant may have a remedy by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2003).