NO. 07-04-0558-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 3, 2004



______________________________




IN RE RESHAWN JOHNSON, RELATOR



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Reshawn Johnson, proceeding pro se and in forma pauperis, seeks a writ
of mandamus to compel the Honorable Bradley S. Underwood, Judge of the 364th District
Court of Lubbock, to provide him with a free clerk's record and reporter's record in cause
number 97-424,513-B to prepare a writ of habeas corpus. (1) Under applicable principles of
law, relator's petition must be denied.

 By his petition, relator maintains he filed a motion requesting a free record which the
trial court denied on November 4, 2004. Although he acknowledges he was provided with
counsel for his trial and direct appeal, he contends that without a record he cannot
prosecute allegations that his trial was "unfair and in violation of his protected rights to
effective assistance of counsel, his right to due process, equal protection, and his right to
confront witnesses against him," in violation of the Fifth, Sixth, and Fourteenth
Amendments to the United States Constitution.

 Mandamus is an extraordinary remedy available only in limited circumstances
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). To be entitled to
mandamus relief, relator must show that (1) there is no other adequate remedy at law
available, and (2) the act sought to be compelled is a ministerial act. Healey v. McMeans,
884 S.W.2d. 772, 780 (Tex.Cr.App. 1994). Also, a sufficient record demonstrating relator's
entitlement to the relief sought must be provided. Walker, 827 S.W.2d at 837. Relator's
petition does not demonstrate that the prerequisites for mandamus have been satisfied nor
has he provided any record in support thereof. 

 Additionally, a petition for writ of mandamus filed in this Court must comply with the
mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure, and a
pro se party must comply with applicable procedural rules. See Sedillo v. Campbell, 5
S.W.3d 824, 829 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Relator's petition is lacking
in most of the requirements, and no certified or sworn copy of the order denying his request
for a free record is included.

 Accordingly, relator's petition for writ of mandamus is denied.

 Don H. Reavis

 Justice

1. Appellant was convicted of murder in cause number 97-424,513-B, and by
unpublished opinion dated July 22, 1998, this Court affirmed the conviction in cause
number 07-97-0471-CR.


E="font-size: 11pt"> If the jurisdiction of a court of appeals is not properly invoked, the
power of the appellate court to act is as absent as if it did not exist, and the appeal will be
dismissed for lack of jurisdiction. See id. at 428, 429. 

 Appellate jurisdiction is invoked by giving timely and proper notice of appeal. See 
id. at 428. To perfect appeal from a judgment which was rendered on the defendant's plea
of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and in which
the punishment assessed did not exceed the punishment recommended by the prosecutor
and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for
a jurisdictional defect; (b) specify that the substance of the appeal was raised by written
motion and ruled on before trial; or (c) state that the trial court granted permission to
appeal. See Tex. R. App. P. 25.2(b)(3); White, 61 S.W.3d at 428. Dismissal of an issue
or the entire matter is appropriate unless the form of the notice of appeal is proper to
perfect appeal as to the issue or matter. Id. TRAP 25.2(d) does not permit an appellate
court to grant a motion to amend the notice of appeal if the amendment sought to be made
to the notice of appeal is a jurisdictional amendment. See State v. Riewe, 13 S.W.3d 408,
413-14 (Tex.Crim.App. 2000). That is, if the original notice of appeal fails to invoke
jurisdiction of the appellate court, an out-of-time amendment cannot serve to invoke
jurisdiction. Id. Once jurisdiction is lost, an appellate court lacks the power to invoke any
rule to thereafter obtain jurisdiction. Id. at 413; see TRAP 2.

 Appellant's original Notice of Appeal did not contain one of the three allegations
necessary to invoke our appellate jurisdiction over an appeal from his conviction. See
TRAP 25.2(b)(3); White, 61 S.W.3d at 428. Accordingly, our jurisdiction was not invoked
by the original Notice. The out-of-time amended Notice is ineffective to invoke our
jurisdiction. See Riewe, 13 S.W.3d at 413-14. 

 We dismiss the appeal for want of jurisdiction. 


 Phil Johnson

 Justice


Do not publish.
1. A rule of appellate procedure will be referred to as "TRAP_" hereafter.