NO. 07-04-0537-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 2, 2005


______________________________



MICHAEL DEARDORFF, KATHY DEARDORFF AND BETTY J. DEARDORFF,



 Appellants


V.



FEDERAL HOME LOAN MORTGAGE CORPORATION,



 Appellee

_________________________________



FROM THE COUNTY COURT OF HOCKLEY COUNTY;



NO. C3764; HON. LARRY D. SPROWLS, PRESIDING


_______________________________



MEMORANDUM OPINION


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellants Michael Deardorff, Kathy Deardorff and Betty J. Deardorff (the
Deardorffs) filed a notice of appeal on November 9, 2004. To date, no clerk's or reporter's
records have been received. On January 13, 2005, this court, pursuant to Tex. R. App. P.
35.3(a) and (b), notified the clerk and court reporter that the record was due to be filed no
later than December 27, 2004. In response, the clerk and reporter filed a request for
extension of time to file the record, stating that "appellant has not paid or made
arrangements to pay for the record." On January 19, 2005, the Deardorffs were directed
by letter to provide this court with proof that they either paid for the record or made
satisfactory arrangements for payment of the record on or before January 29, 2005. So too
were they told that the failure to comply with the court's directive would result in dismissal. 
The deadline lapsed, and the court simply received, from the Deardorffs, a copy of a letter
to the court clerk directing her to forward various documents to this court. Nothing was said
about arrangements having been made regarding payment for the record, despite our
directive. Moreover, we received nothing from the Deardorffs illustrating that payment for
the reporter's record has been made to or arrangements for its payment have been made
with the court reporter. 

 Because the Deardorffs failed to comply with our January 19th directive, we dismiss
the appeal pursuant to Texas Rule of Appellate Procedure 42.3(b) and (c). 

 

 Per Curiam

 

 



family: Arial">See State v. Riewe, 13 S.W.3d
408, 413-14 (Tex.Crim.App. 2000). 

 We dismiss the appeals for want of jurisdiction. 


 Phil Johnson

 Justice


Do not publish.
1. A rule of appellate procedure will be referred to as "TRAP __" hereafter.