NO. 07-11-0112-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MARCH 29, 2011

______________________________

 

 

KENNETH RAY McCAIN,
APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

 

NO. 127,946; HONORABLE W. F. "CORKY" ROBERTS,
JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Following a plea of not
guilty, Appellant, Kenneth Ray McCain, was convicted by a jury of domestic
violence assault, a Class A misdemeanor,[1]
and sentenced to 180 days confinement in the Potter County Jail, suspended for
one year, and a $100 fine.  We dismiss
this purported appeal for want of jurisdiction.

            A timely and proper
notice of appeal invokes this Court=s jurisdiction.  State v. Riewe, 13 S.W.3d 408, 410
(Tex.Crim.App. 2000).  When no motion for new trial is filed, a
notice of appeal must be filed within thirty days after the day sentence is
imposed.  Tex. R. App. P. 26.2(a)(1).  The deadline
may be extended if, within fifteen days, the party files the notice with the
trial court clerk and also files a motion for extension of time in compliance
with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court.  See Tex.
R. App. P. 26.3.  This Court has no
authority to invoke Rule 2 to enlarge the time in which to file a notice of
appeal.  Tex. R. App.
P. 2; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998).

The limited documents filed to date reflect that Appellant
was sentenced on January 24, 2011.  No
motion for new trial was filed making the deadline in which to file a notice of
appeal Wednesday, February 23, 2011.  Applying
the fifteen day extension provided by Rule 26.3, the deadline was extended to
Thursday, March 10, 2011.  However, the
notice of appeal and motion for extension of time were not filed until Friday,
March 11, 2011, one day after all possible deadlines had expired.[2]  Appellant's untimely filing of his notice of
appeal and motion for extension of time prevents this Court from acquiring
jurisdiction to entertain his appeal.[3]

 

Consequently, this purported appeal is dismissed for want of
jurisdiction.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish

 

 

 

 

 

                                                       











[1]Tex. Penal Code Ann. § 22.01(b) (West Supp. 2010).





[2]It
was brought to the attention of the Clerk of this Court that the notice was
hand delivered; therefore, Rule 9.2(b) of the Texas Rules of Appellate
Procedure does not apply.

 





[3]Appellant
may be entitled to relief by filing a post-conviction writ of habeas corpus
returnable to the Texas Court of Criminal Appeals for consideration of an
out-of-time appeal.  Tex.
Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010).