NO. 07-12-0296-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 JULY 13, 2012
 
 ______________________________
 
 
 ROBERT EUGENE ELSEY, APPELLANT
 
 V.
 
 THE STATE OF TEXAS, APPELLEE
 
 
 _________________________________
 
 FROM THE 368[TH] DISTRICT COURT OF WILLIAMSON COUNTY;
 
 NO. 11-152-K368; HONORABLE BURT CARNES, JUDGE
 
 _______________________________
 
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
Following a plea of not guilty, Appellant Robert Eugene Elsey, was convicted of driving while intoxicated, enhanced, and sentenced to confinement for life. The appellate record has been filed. We dismiss this purported appeal for want of jurisdiction.
 A timely and proper notice of appeal invokes this Courts jurisdiction. State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). When a motion for new trial is filed, a notice of appeal must be filed within ninety days after the day sentence is imposed. Tex. R. App. P. 26.2(a)(2). The deadline may be extended if, within fifteen days, the party files the notice with the trial court clerk and also files a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. See Tex. R. App. P. 26.3. This Court has no authority to invoke Rule 2 to enlarge the time in which to file a notice of appeal. Tex. R. App. P. 2; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).
The clerk's record reflects that Appellant was sentenced on February 2, 2012. A timely Motion for New Trial was filed making the deadline in which to file a notice of appeal May 2, 2012. Applying the fifteen day extension provided by Rule 26.3, the deadline could have been extended to May 17, 2012. However, the notice of appeal was not filed until June 5, 2012, after all possible deadlines had expired. Appellant's untimely filing of his notice of appeal prevents this Court from acquiring jurisdiction to entertain his appeal.
Consequently, this purported appeal is dismissed for want of jurisdiction.
 Patrick A. Pirtle
 Justice
Do not publish.