**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00331-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**K & L CONTRACTORS, INC., Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause No. 11340**

**ORDER**

Appellee, K & L Contractors, Inc. filed a motion to dismiss the State's appeal of the trial court's dismissal, with prejudice, of K & L's indictment for intentionally or knowingly discharging a waste or pollutant. On appeal, K & L contends that the State failed to properly perfect its appeal because: (1) the State failed to appeal the trial court's June 2014 order quashing the indictment within the time allowed for perfecting appeals; and (2) the State failed to give proper notice of its intent to appeal from the trial court's September 2014 order dismissing the

1

indictment with prejudice because the notice of appeal from that order was signed by the assistant criminal district attorney, not the elected prosecuting attorney as required by article 44.01 of the Texas Code of Criminal Procedure. In response to K & L's motion to dismiss, the State argues that the trial court's order of September 2014 is appealable, and that the notice that it filed to appeal that ruling, although signed by the assistant criminal district attorney, was an appeal that the elected prosecuting attorney authorized.

We conclude that the State has demonstrated that the elected prosecuting attorney authorized the assistant criminal district attorney to pursue an appeal from the trial court's September 2014 order. Consequently, we have jurisdiction to decide the appeal before us. However, by exercising jurisdiction over the appeal, we have not resolved K & L's argument that the trial court had no jurisdiction to act when it rendered the September 2014 order. We anticipate the parties will address that issue in the briefs that are filed on the merits of the State's appeal. Accordingly, we deny the motion to dismiss the appeal.

## Background

The State indicted K & L for illegal dumping. The indictment was amended on July 23, 2012, to allege that Appellee "beginning on or about the 30th day of

September A.D. 2006 and continuing, and before the presentment of this indictment,"

> in violation of Texas Water Code Section 7.145, intentionally or knowingly illegally discharged (depositing, conducting, draining, emitting, throwing, running, allowing to seep, releasing or disposing) or allowed the discharge, and continues to discharge or allow the discharge, of a waste or pollutant, namely, oily waste including benzene, into or adjacent to water in the State, and specifically those in, on, under, or adjacent to a tract of 56 acres, more or less, owned by Robert Sheffield, in the Town Bluff Community in Tyler County, where the Longhorn #1 gas/oil well was drilled, that caused or threatened to cause water pollution (altering the physical, chemical, or biological quality of, or contamination of water that renders the water harmful, detrimental, or injurious to humans, animal life, vegetation, or property to public health, safety or welfare, or impairs the usefulness or the public enjoyment of the water for any lawful or reasonable purpose), said discharge was made without a permit, order, or rule of the appropriate regulatory agency, namely, the Texas Commission on Environmental Quality or the Railroad Commission of Texas, authorizing such discharge.

On February 7, 2014, K & L filed a fifth motion to quash the indictment. The motion to quash complained that the indictment violated the pleading requirements of the Texas Code of Criminal Procedure because the indictment failed to allege conduct that occurred before presentment of the indictment, failed to allege conduct that occurred within the statute of limitations, and failed to allege sufficient facts to toll limitations. *See* Tex. Code Crim. Proc. Ann. arts. 21.02(6), 21.03, 21.04, 21.11 (West 2009), 27.08, 27.09 (West 2006). K & L repeated the

3

complaints that it raised about the indictment in a separate motion to dismiss the criminal case, which it filed on the same day that it filed its fifth motion to quash.

The trial court conducted a hearing on June 23, 2014. During the hearing, the prosecutor conceded that any discharge that occurred more than three years prior to the date of the indictment was barred by limitations, but argued that each day a polluting discharge occurred the discharge resulted in a separate offense. Defense counsel argued that an allegation of passive continuing pollution without affirmative human conduct during the limitations period would not support an indictment. At the conclusion of the hearing, the trial court signed an order granting the motion to quash the indictment.

Several months later, the trial court signed an order granting the motion to dismiss. The order granting the motion to dismiss, signed on September 18, 2014, states the trial court granted the motion "based on the statute of limitations." The September 2014 order dismissed the case with prejudice.

Seven days later, the State filed a notice of appeal. An assistant criminal district attorney signed the notice, and the notice recites that the State desires to appeal the order the trial court signed in September.

Authorization to Appeal

Appellee contends the State's notice of appeal failed to invoke our appellate jurisdiction because the notice does not indicate that the elected prosecuting attorney authorized the appeal and does not contain a certification regarding the appeal that is required under article 44.01(a)(5) of the Code of Criminal Procedure. *Compare* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) *with id*. art. 44.01(a)(5).

Jurisdiction over an appeal filed by the State is invoked by a timely, written notice of appeal. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). "[I]n State-prosecuted appeals, the failure of the elected prosecuting attorney, as opposed to an assistant, to make the appeal is a jurisdictional defect." *Id.* Here, the question of whether the district attorney authorized the assistant district attorney to appeal the trial court's ruling concerns a matter that is not apparent from the clerk's and reporter's record that were filed in connection with the State's appeal.

However, the State filed additional documents that it suggests we consider in deciding K & L's motion. The State's response to K & L's motion to dismiss includes the affidavit of Joe R. Smith, the Tyler County Criminal District Attorney. *See* Tex. R. App. P. 10.2. Smith's affidavit indicates that Smith authorized the attorney who signed the notice of appeal to appeal the trial court's decision to

dismiss the indictment, and that Smith authorized the appeal before the assistant criminal district attorney filed the notice.

In our opinion, the State may demonstrate that the district attorney personally approved the appeal by supplementing the appellate record with an affidavit showing that the district attorney did personally approve of the filing of the appeal while the appeal could be timely filed in the window for filing such an appeal. *See* Tex. R. App. P. 44.3 (requiring appeals court to allow a party a reasonable time to correct or amend defects or irregularities before dismissing the appeal for a formal defect or irregularity in appellate procedure); *State v. Muller*, 829 S.W.2d 805, 812 n.9 (Tex. Crim. App. 1992) (noting that if the prosecuting attorney had personally approved the notice, the record could be supplemented with evidence or an affidavit to that effect).

Although the facts that resolve the question of whether the appeal was authorized by the district attorney were not developed in the trial court, the issue is one of appellate procedure. With respect to defects in procedure, Rule 44.3 of the Texas Rues of Appellate Procedure requires that we not dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. *See* Tex. R. App. P. 44.3. Based on this rule, we have considered the affidavit filed by the State; and,

based on Smith's affidavit, we conclude that we have jurisdiction over the State's appeal. *See id*.; *see generally* Tex. Gov't Code Ann. § 22.220(c) (West Supp. 2014) (although this section applies only to civil cases, this section authorizes appeals courts to look to affidavits or other evidence needed to determine whether jurisdiction exists over the appeal).

K & L also argues the State's notice of appeal lacks the certification from the prosecuting attorney that is required by article 44.01(a)(5) of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art 44.01(a)(5). According to K & L, the absence of the proper certificate required by statute cannot be cured by being supplemented. However, the order at issue in the appeal is an order dismissing an indictment. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1). And, even if K & L is correct that the June 2014 order effectively dismissed the case, the September 2014 order is nonetheless an order modifying the judgment, and such orders are also appealable. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(2). Moreover, the September 2014 order is not an order granting a motion to suppress evidence, a confession, or an admission; consequently, the certification required by the provision of the statute on which K & L relies is not required. *Compare* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1), (2) *with id*. 44.01(a)(5).

7

Having considered K & L's arguments that pertain to the State's appeal from the September 2014 order, we conclude that we have jurisdiction over that aspect of the appeal.

Issue for Briefs on the Merits

K & L has also argued that the trial court's September 2014 order is void. According to K & L, the trial court no longer had jurisdiction over the case when it signed that September 2014 order. Although we have denied K & L's motion to dismiss, we do not reach its claim that the trial court's September 2014 order is void. That is a matter the parties should address in the briefs they file on the merits of the issues.

For the reasons we have explained, K & L's motion to dismiss the appeal is denied. The State's brief on the merits is due February 17, 2015. Appellee's brief is due thirty days after the State files its brief.

ORDER ENTERED January 15, 2015.

PER CURIAM

Before McKeithen, C.J., Horton and Johnson, JJ.