ACCEPTED
03-14-00547-CR
4853437
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/10/2015 8:11:30 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00547-CR

## IN THE COURT OF APPEALS
## FOR THE
## THIRD SUPREME JUDICIAL DISTRICT OF TEXAS
## AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/10/2015 8:11:30 PM
JEFFREY D. KYLE
Clerk

_____

## NO. CR-12-0005

## IN THE 428TH DISTRICT COURT
## OF HAYS COUNTY, TEXAS

_____

## STATE OF TEXAS,
## APPELLANT

## V.

## BRYAN ROLAND CHANDLER,
## APPELLEE

_____

## APPELLEE'S MOTION TO DISMISS THE STATE'S APPEAL

_____


**LINDA ICENHAUER-RAMIREZ**
**ATTORNEY AT LAW**
**1103 NUECES**
**AUSTIN, TEXAS  78701**
**TELEPHONE:  512-477-7991**
**FACSIMILE 512-477-3580**
**EMAIL:  LJIR@AOL.COM**
**SBN:  10382944**


**ATTORNEY FOR APPELLEE**

TO THE HONORABLE THIRD COURT OF APPEALS:

COMES NOW, Bryan Roland Chandler, Appellee, by and through his attorney of record, Linda Icenhauer-Ramirez, and files this his Motion to Dismiss the Appeal and in support thereof, would show the Court the following:

## I.

That the above-styled and numbered cause is styled The State of Texas v. Bryan Roland Chandler, Cause Number CR-12-0005 in the 428th Judicial District Court of Hays County, Texas. Appellant was sentenced on February 23, 2012. The trial court entered a judgment *nunc pro tunc* on August 7, 2014.

## II.

Appellee was convicted of one count of aggravated assault with a deadly weapon (family violence) after entering into a plea bargain with the State. The parties agreed that appellant's punishment would be assessed at ten years imprisonment and there would be no affirmative finding of a deadly weapon. (C.R. 6-13) Despite this agreement, the original written judgment in the case contained an affirmative finding of a deadly weapon. (C.R. 14-16) A judgment *nunc pro tunc* signed and entered by the trial court on March 23, 2012 corrected appellee's backtime credit but still erroneously

2

contained an affirmative finding of a deadly weapon.   (C.R. 18-19).

## III.

On April 17, 2014, Appellee filed a motion for a judgment *nunc pro tunc* asking the trial court to correct the deadly weapon finding.  (C.R. 20-35)  On August 7, 2014, the trial court held a hearing on the matter and after hearing the arguments of counsel and reviewing the record in the cause, granted appellee's motion for judgment *nunc pro tunc*.  (R.R. I)  On August 7, 2014, the assistant criminal district attorney filed written notice of appeal.  (C.R. 38-39)  On October 2, 2014, the elected criminal district attorney filed an affidavit saying that she had authorized the assistant criminal district attorney to file the appeal in this cause.  (C.R. 48)   The *Nunc Pro Tunc* Judgment of Conviction by Court – Waiver of Jury Trial was signed and filed in this case on October 2, 2014.  (C.R. 49-50)

## IV.
**THE STATE'S APPEAL MUST BE DISMISSED BECAUSE THE NOTICE OF APPEAL WAS NOT TIMELY SIGNED OR AUTHORIZED BY THE ELECTED CRIMINAL DISTRICT ATTORNEY.**

### The Law and the Argument

The appellee filed a Motion for Judgment *Nunc Pro Tunc* on April 17, 2014.  (C.R. 20-35)   The trial court held the hearing on Appellee's motion on August 7, 2014.  (R.R. I, pp. 4-9)   At the conclusion of the hearing, the

trial court granted appellee's motion and ordered that the judgment in the case be corrected by deleting the affirmative finding of a deadly weapon. (R.R. I, pp. 8-9) The State filed written notice of appeal on August 7, 2014. This notice of appeal was not signed by the elected criminal district attorney Sherri K. Tibbe; rather it was signed by assistant district attorney Brian Erskine. (C.R. 38-39) On October 2, 2014, the State filed an affidavit signed by Sherri K. Tibbe, the elected criminal district attorney for Hays County. In her affidavit she stated that on August 7, 2014, she had authorized Brian Erskine to file an appeal in this cause. (C.R. 48) On October 2, 2014, the *Nunc Pro Tunc* Judgment of Conviction by Court – Waiver of Jury Trial was filed in this case. (C.R. 49-50)

In Muller v. State, 829 S.W.2d 805 (Tex.Cr.App. 1992), the Court of Criminal Appeals looked at the requirements for a State's notice of appeal. The Court of Criminal Appeals wrote:

> " . . . Article 44.01 contains two checks on the discretion of a prosecuting attorney's office. The first check is the requirement of approval from the prosecuting attorney. Requiring personal approval creates a bottleneck in the office of the prosecuting attorney through which all appeals must pass. An assistant does not have the discretion or personal authority to file a notice of appeal absent explicit instruction to do so by the prosecuting attorney. 829 S.W.2d at 810.

The Court went on to write:

> "We must next interpret the term "make an appeal," as used in

section (d) of Article 44.01. When considered in light of section (i)'s express exclusion of assistant prosecutors from its definition of "prosecuting attorney," it is clear that the phrase "make an appeal" clearly requires--at the minimum--the prosecuting attorney to personally supervise and authorize the appeals to be undertaken by his office on behalf of the State. That is, the statute, when construed as an internally consistent and integrated whole, seeks to ensure that the prosecuting attorney himself personally authorize specific appeals filed on behalf of the State.

We do not suggest that Article 44.01 necessarily requires that a State's notice of appeal must, in all cases, reflect the personal signature of the prosecuting attorney. However, the plain meaning of the literal text of Article 44.01(d) requires the prosecuting attorney to "make an appeal" by personally authorizing--in some fashion--the specific notice of appeal in question. More specifically, to comply with the statute, he must either physically sign the notice of appeal or personally instruct and authorize a subordinate to sign the specific notice of appeal in question. Because of the jurisdictional limitations of Article 44.01, discussed infra, we further read the statute to require this personal authorization to occur prior to the expiration of the fifteen day[1] window of appeal." 829 S.W.2d at 810.

Thus, if the notice of appeal is signed by an assistant prosecuting attorney, the State must file something within twenty days of the issuance of the order, showing that the elected prosecuting attorney authorized the filing of the notice of appeal.

In this case, the State's notice of appeal was defective and was not timely corrected. As noted above, the elected prosecuting attorney--not an

---

[1] At the time Art. 44.01, V.A.C.C.P. provided that the State had to file notice of appeal within 15 days of the order it sought to appeal. That time limit is now 20 days. Art. 44.01(d).

assistant--must personally supervise and authorize appeals pursuant to article 44.01. State v. Muller, supra. To comply with the statute, the elected prosecuting attorney must either physically sign the notice of appeal or personally instruct and authorize a subordinate to do so and evidence of that authority must be filed within the twenty day period in order to perfect the appeal. *Id*. The notice of appeal in this cause was signed by the assistant criminal district attorney. (C.R. 38-39) The affidavit which was signed by the elected criminal district attorney and filed later on October 2, 2014, was not timely. This defect could not be cured by the untimely filed affidavit. State v. Riewe, 13 S.W.3d 408, 412-414 (Tex.Cr.App. 2000). As a result, the State did not properly file its notice of appeal and this appeal must be dismissed. State v. Lagunas, 2002 Tex. App. LEXIS 2568 (Tex.App.-Austin 2002, no pet.).

V.

**THE STATE'S APPEAL MUST BE DISMISSED BECAUSE UNDER ART. 44.01, V.A.C.C.P, THE STATE HAS NO RIGHT TO APPEAL FROM A JUDGMENT *NUNC PRO TUNC.***

Art. 44.01, V.A.C.C.P. gives the State a limited right to appeal an order of a court in a criminal case. The State may appeal from an order that:

> (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

6

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy;

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case; or

(6) is issued under Chapter 64.

The order which the State seeks to appeal is an order granting a motion for a judgment *nunc pro tunc*. This order was made to correct a clerical error -- the court's judgment incorrectly contained an affirmative finding of a deadly weapon. Such an order is not one of those listed in Art. 44.01 and thus does constitute the type of order the State can appeal.

Although in its notice of appeal, the State asserted that it was appealing "an order that modifies the judgment" a reading of the record, shows that this is not true. The court's order approving the entry of a judgment *nunc pro tunc* did not modify the judgment but rather conformed the final judgment paperwork to the events which occurred in the courtroom. During appellant's plea hearing, there was no discussion of an affirmative finding of a deadly weapon by the parties and the trial court made no

affirmative finding of a deadly weapon.   Thus the original judgment was in error when it contained an affirmative finding of a deadly weapon.   The judge's order approving the judgment *nunc pro tunc* which omitted the affirmative finding of a deadly weapon in no way modified the court's judgment but rather accurately reflected it.   This action did not come within one of those situations from which the State is given the right to appeal. The State's appeal should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Appellee respectfully requests that this Honorable Court dismiss the State's appeal in this cause.

Respectfully Submitted,

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ
Attorney at Law
1103 Nueces
Austin, Texas 78701
(512) 477-7991
FAX #: (512) 477-3580
SBN: 10382944
EMAIL: ljir@aol.com

ATTORNEY FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion was computer generated and contains 1707 words, as calculated by the word count function on my computer.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ

## CERTIFICATE OF SERVICE

I, Linda Icenhauer-Ramirez, hereby certify that a true and correct copy of the foregoing Appellee's Motion to Dismiss the State's Appeal was e-served to Brian Erskine of the Hays County District Attorney's Office on this the 10th day of April, 2015.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ