NUMBER 13-02-733-CR

COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI - EDINBURG 

 

GEORGE F. VERTZ, Appellant,


v.



THE STATE OF TEXAS , Appellee.

 


On appeal from the 105TH District Court 

of Nueces County, Texas.

 



MEMORANDUM OPINION

Before Justices Hinojosa, Yañez and Garza

Opinion Per Curiam

 On January 12, 1984, appellant, George F. Vertz, was convicted of burglary of a habitation and was sentenced to
ninety-nine years of imprisonment. Appellant unsuccessfully appealed this conviction. See Vertz v. State, 686 S.W.2d 696
(Tex. App.-Corpus Christi 1985), pet. ref'd, 702 S.W.2d 196 (Tex. Crim. App. 1986). 

 On August 13, 2001, appellant filed in the trial court a pro se "Affidavit in Support of Motion for Appointment of Counsel
for DNA Hearing." In his motion, the appellant asked the trial court to appoint counsel for him and to conduct a hearing on
his request for post-conviction forensic DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure. See
Tex. Code Crim. Proc. Ann. arts. 64.01-.05 (Vernon Supp. 2003). Following a hearing, the trial court denied appellant's
motion on August 31, 2001. 

 On September 16, 2002, appellant directed correspondence to this Court regarding his "request for abatement order and
appointment of counsel from order denying petitioner's motion for DNA testing pursuant to the Texas Code of Criminal
Procedure." This Court notified appellant that he had not filed a notice of appeal, and subsequently, this Court received
appellant's notice of appeal on December 30, 2002.

 A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. See Tex. R.
App. P.26.2(a)(1). In the instant case, the appellant's notice of appeal was entered more than one year following entry of
the order of which appellant complains.

 A notice of appeal which complies with the requirements of rule 26 is essential to vest the court of appeals with
jurisdiction. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, the
court of appeals does not obtain jurisdiction to consider the merits of the appeal. State v. Riewe, 13 S.W.3d 408, 411 (Tex.
Crim. App. 2000). Under such circumstances, the court can take no action other than to dismiss the appeal. Id.

 Accordingly, this appeal is dismissed for want of jurisdiction. See Tex. R. App. P. 39.8, 40.2, 43.2.



PER CURIAM

Do Not Publish

Tex. R. App. P. 47.2(b)

Opinion delivered and filed

this 6th day of March, 2003.