NO. 07-03-0143-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 12, 2003



______________________________




ISRIEL MCBRIDE, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 95-421290; HONORABLE JOHN R. MCFALL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Isriel McBride, Jr., appeals a conviction for attempted murder. We
dismiss for want of jurisdiction.



BACKGROUND

 Pursuant to his conviction and assessment of punishment by a jury, on February 7,
1996, sentence of confinement for life in the Texas Department of Criminal Justice,
Institutional Division, was imposed on appellant in cause number 95-421290 in the 237th
District Court of Lubbock County. On March 20, 2003, appellant, acting pro se, filed a
document entitled "RE: APPEAL NUMBER" with the clerk of this court, referencing his
conviction. We interpret the document as a notice of appeal from his conviction. 

LAW

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence
is imposed or after the day the trial court enters an appealable order, unless a timely
motion for new trial is filed. Tex. R. App. P. 26.2(a). If a timely Motion for New Trial is filed,
then the notice of appeal must be filed within 90 days after sentence is imposed. Id.

 An untimely-filed notice of appeal will not invoke the jurisdiction of the court of
appeals. See State v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000). Thus, if an
appeal is not timely perfected, a court of appeals does not have jurisdiction to address the
merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v.
State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 523-25
(Tex.Crim.App. 1996).


ANALYSIS AND CONCLUSION

 Appellant's notice of appeal was not timely filed. This court does not have
jurisdiction over the appeal. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. The
appeal is dismissed for want of jurisdiction. Tex. R. App. P. 39.8, 40.2, 43.2. 


 Phil Johnson

 Chief Justice




Do not publish.