NO. 07-04-0365-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 13, 2004


______________________________



BALTIMORE RAMIREZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-03J-151; HON. ROLAND SAUL, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant Baltimore Ramirez challenges his conviction of sexual assault of a child. 
Through one issue, he contends that the trial court erred in not permitting him to voir dire
the jury panel on a particular condition of probation, that condition being the requirement
that sex offenders register with local authorities. We affirm the judgment of the trial court.

 During voir dire, the following exchange took place at the bench:

 MR. SPRIGGS: Your Honor, I wonder if they filed a motion regarding
registration and the prosecution went over - - 


 [THE STATE]: You need to talk where they can't hear you.


 MR. SPRIGGS: And the prosecution went over the probation, and that's a
condition of probation, registration is a part of that. I think it's the same
situation about registration as it is with the probation. That's certainly a part,
and they opened the door through that. 


 THE COURT: How did that open the door?


 MR. SPRIGGS: They asked the jury, did they know the conditions of
probation. That would be a condition of probation. 


 Now I need to know whether or not they would consider that, or how
they would consider it.


 THE COURT: I think you are entitled to talk about the conditions of probation. 
What is your position?


 [THE STATE]: Our position, Your Honor, is that that is not a decision that
they can base any decision on sexual registration requirement. And since
they do not have any bearing on that, it would not be appropriate and - - 


 [THE STATE]: Your Honor, another thing is, it's the law, you are not to mention that, that's the law, just conditions of probation, it's the law and you
could order him to counseling and treatment and that kind of thing, but once
you mention the probation, that this is not technically correct, and that's the
law, and you have to do that regardless. We have no problem with him
talking about the conditions of probation, what probation is about and all that,
but it's not a condition of probation to register. That's the law. 


 MR. SPRIGGS: Your Honor, it says in the probation that you can't commit no
other crimes against the U.S., and also that's the law, and that's a condition
that he must obey. If, in fact, he is convicted of this crime, it does
become a part of the conditions of probation. 


 THE COURT: So you want to talk about every possible offense someone
could commit?


 MR. SPRIGGS: No, sir. What I want to talk about is that specific condition
because that's mandatory.


 THE COURT: I don't believe that's - - I don't believe you can go into that, and
I'm not going to allow you to. 


 MR. SPRIGGS: Okay. I just want to put it on the record. 

Appellant contends, before us, that he should have been allowed to question the jury
regarding the requirement to register as a sex offender. Yet, we note that omitted from the
exchange between the trial court and defense counsel (as well as the record) was mention
of any particular questions counsel sought to pose to the venire. This is fatal because it
is not enough to inform the trial court of a particular topic on which one hopes to conduct
voir dire. Rather, the particular question or questions that the litigant intends to ask must
be disclosed to preserve any complaint about the trial court's ruling. Sells v. State, 121
S.W.3d 748, 756 (Tex. Crim. App.), cert. denied, 540 U.S. 986, 124 S.Ct. 511, 157 L.Ed.2d
378 (2003); Mohammad v. State, 127 S.W.3d 163, 170 (Tex. App.-Houston [1st Dist.] 2003,
pet. ref'd). Since that was not done here, we overrule the issue.

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam


Do not publish. 







ed="false" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0391-CR

                                                      NO. 07-10-0392-CR

                                                      NO. 07-10-0393-CR

                                                      NO. 07-10-0394-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                             OCTOBER 6, 2010

                                            ______________________________

 

                                                          RICARDO
CAVAZOS,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

Appellee

                                         _________________________________

 

                       FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NOS. 51,006-C; 51,007-C, 51,008-C,
51,009-C; 

 

HON. PATRICK A. PIRTLE, PRESIDING

_______________________________

 

Memorandum Opinion  

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ricardo
Cavazos (appellant) filed a document called a motion for out of time appeal.  In it, he informs us of his intent to appeal
his conviction in various causes of action. 
However, he also acknowledges that the period in which to perfect a
timely appeal lapsed long ago.  Thus, we
treat his motion as a notice of appeal and dismiss the appeals for want of
jurisdiction.  

According to the information before us, the trial court
sentenced appellant on March 8, 2006.  At
that point, he allegedly told the court that he wanted to appeal.  However, no notice of appeal was filed within
the time necessary to effectively effectuate his desire.  Instead, we received the aforementioned
motion on September 15, 2010.  

It is beyond dispute that a timely notice of appeal is necessary to invoke our jurisdiction.
State v. Riewe, 13 S.W.3d 408, 410
(Tex. Crim. App. 2000); Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996). 
To be timely, the notice must be filed within thirty days after sentence
was pronounced in open court, unless a timely motion for new trial was
filed.  Tex.
R. App. P. 26.2.  Irrespective of
whether a motion for new trial actually was filed and denied here, a notice
tendered more than four years after the trial court sentenced appellant in open
court is untimely.  So, we have no
jurisdiction over the matter.  State v. Riewe, supra.

Accordingly,
the appeal is dismissed for want of jurisdiction.  However, an appellant may petition the Texas
Court of Criminal Appeals under article 11.07 of the Code of Criminal Procedure
for leave to initiate a belated appeal, as the petitioner apparently did in Ex parte Garcia, 988 S.W.2d 240 (Tex.
Crim. App. 1999).

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

 

 

Do not publish.