NO. 07-06-0253-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 27, 2006
_____

RICARTE G. GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-436822; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Ricarte G. Gonzalez, appeals his conviction for indecency with a child and sentence of incarceration in the Institutional Division of the Texas Department of Criminal Justice for a period of 15 years, and fine of $3,000. We dismiss for lack of jurisdiction.

Following jury trial, appellant was convicted of indecency with a child and sentence was imposed on March 22, 2006. Appellant timely filed a Motion for New Trial on April 21, 2006. As such, appellant's notice of appeal was due by June 20, 2006. See TEX. R. APP.

P. 26.2.  Appellant filed his notice of appeal on June 23, 2006.  Appellant has not filed a motion for extension of time to file notice of appeal in this cause.

Texas Rule of Appellate Procedure 26.2 requires a notice of appeal to be filed within 30 days after sentence is imposed unless the defendant timely files a motion for new trial.  TEX. R. APP. P. 26.2(a).  If the defendant timely files a motion for new trial, the notice of appeal is due within 90 days of the imposition of sentence.  Id.  While the Rules of Appellate Procedure do not establish the jurisdiction of courts of appeals, the Rules do provide procedures which must be followed to invoke a court's jurisdiction over a particular appeal.  Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).  If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist and the appeal will be dismissed for lack of jurisdiction.  See State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000); Olivo, 918 S.W.2d at 523.  An untimely notice of appeal is insufficient to invoke an appellate court's jurisdiction to address the merits of the appeal and the court can take no action other than to dismiss the appeal.  Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

As appellant's notice of appeal was untimely, this court's jurisdiction has not been invoked.  Accordingly, we dismiss this appeal for lack of jurisdiction.


Mackey K. Hancock
Justice

Do not publish.

2