NO. 07-06-0169-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B 


 

JULY 31, 2006



______________________________



OUANE THONGSAVATH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 27,884-C; HONORABLE PATRICK PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Ouane Thangsavath, appeals a denial of his Motion for use of trial
records, hearing and appointment of counsel after conviction for the offense of aggravated
sexual assault. We will dismiss the appeal for want of jurisdiction.

 An untimely-filed notice of appeal will not invoke the jurisdiction of the court of
appeals. See State v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000). In the absence
of a notice of appeal timely filed in compliance with the requirements of the Texas Rules
of Appellate Procedure, a court of appeals does not obtain jurisdiction to address the merits
of the appeal in a criminal case, and can take no action other than to dismiss the appeal. 
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 

 Appellant proceeded to trial and was found guilty by a jury. The judgment was
entered on July 10, 1997. At the time of appellant's conviction and the execution of the
judgment, appellant was required to give notice of appeal within 30 days after the day the
trial court entered an appealable order. Tex. R. App. P. 41(b)(1), 52 Tex. Bar J. 893
(Tex.Crim.App. 1989) (amended 1997) (current version at Tex. R. App. P. 26.2(a)). 
Appellant filed his notice of appeal on April 25, 2006. Appellant's failure to file a timely
notice of appeal prevents this court from having jurisdiction over his appeal. Slaton, 981
S.W.2d at 210. Consequently, the appeal is dismissed for want of jurisdiction. 

 

 Mackey K. Hancock

 Justice




Do not publish. 




JAY GID BRYAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 242nd DISTRICT COURT OF HALE COUNTY;

NO. B 14776-0301; HON. ED SELF, PRESIDING

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER OF ABATEMENT
          Jay Gid Bryan filed a notice of appeal from the trial court’s judgment adjudicating
him guilty of endangering a child,


 revoking his community supervision and sentencing him
to two years confinement in the State Jail Division of the Texas Department of Criminal
Justice. The reporter’s record and clerk’s record have been filed. Appellant’s brief was
due to be filed on June 20, 2008, but has not yet been filed. By letter dated July 3, this
Court notified appellant’s retained attorney of the failure and also explained that if no
response was received by July 14, the appeal would be abated pursuant to Rule 38.8(b)
of the Texas Rules of Appellate Procedure. On July 8, we received a document wherein
counsel explained he was never retained or appointed to represent appellant on appeal. 
On August 19, we abated this appeal to the trial court and ordered the trial court to utilize
whatever means necessary to determine: (1) whether appellant truly desires to prosecute
the appeal; and (2) whether appellant is indigent and entitled to appointed counsel.
          The trial court conducted a hearing on September 5, 2008, and issued the following
findings: (1) a representative of appellant’s bondsman appeared, asking that a warrant be
issued for appellant because he had failed to comply with the conditions of his contract;
appellant’s bond was reset and a warrant was issued for appellant’s arrest; (2) appellant’s 
case was first called at 1:00 p.m. and appellant failed to appear; (3) appellant’s case was
called again at 1:04 p.m. and 2:10 p.m. and each time, no one responded; (4) appellant
is a fugitive; (5) the trial court is unable to determine if appellant truly desires to prosecute
the appeal; and (6) the trial court is unable to determine if appellant is indigent.
          Accordingly, the appeal is abated pending further order of the Court.
          It is so ordered. 

 
                                                                           Per Curiam

 
Do not publish.