NO. 07-06-0439-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 20, 2007


______________________________




PARK TERRACE LIMITED PARTNERSHIP, APPELLANT



v.



SARGON KHASHAN AND WIFE, VALENTINE KHASHAN, APPELLEES



_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 91,658-A; HON. HAL MINER, PRESIDING


_______________________________


 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. MEMORANDUM OPINION Appellant Park Terrace Limited Partnership has filed a motion to dismiss the appeal. 
No decision of this Court having been delivered to date, we grant the motion. Accordingly,
the appeal is dismissed. No motion for rehearing will be entertained and our mandate will
issue forthwith. Tex. R. App. P. 42.1. All costs incurred are adjudged against the party
incurring the same. 

 James T. Campbell

 Justice



 On January 7, 2002, a docketing statement was filed with the appellate clerk
which sets out that the appeal is from "Motion to Compel Plea Agreement," does not set
out the date of any order from which appeal is taken, does not indicate whether any order
from which appeal is taken disposes of all parties and issues, and does not indicate that
appellant has filed an affidavit of indigency. 

 By letter dated January 7, 2002, the District Clerk of Potter County (the trial clerk)
advised the appellate clerk that (1) no order had been filed as to the "Motion to Compel
Enforcement of Court Acceptance of Plea Bargain," and (2) the trial clerk had not received
either an order from the trial court to prepare a record or payment from appellant for
preparation of a record. An extension of time was granted for filing the clerk's record until
February 14, 2002. By letter dated February 13, 2002, the trial clerk advised the appellate
clerk that the trial court had not entered an order directing the preparation of a record,
appellant had not made any payments for preparation of a record, appellant had not filed
an affidavit of indigency, and that a clerk's record was not being forwarded to the appellate
clerk. The clerk's record has not been filed. 

 By letter dated February 21, 2002, appellant and the State were notified that further
proceedings in the appeal had been abated pending consideration by this court of its
jurisdiction over the appeal, that the court would consider its jurisdiction over the appeal
on or after March 25, 2002, and that any matters the parties desired this court to consider
on the question of appellate jurisdiction should be submitted on or before March 22, 2002. 
Appellant filed a brief on March 22, 2002, addressing the jurisdiction issue. 

 Appellant's brief affirms that his notice of appeal relates to a motion pending in the
trial court but on which the trial court has not acted. He does not assert via his brief, his
docketing statement or his notice of appeal that he is appealing from the judgment of
conviction or an order. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). (1) The notice of appeal must be in writing and must contain the necessary
jurisdictional allegations. TRAP 25.2(b); State v. Riewe, 13 S.W.3d 408, 410
(Tex.Crim.App. 2000). TRAP 25.2(b) provides that notice of appeal is sufficient if the
notice shows the party's desire to appeal from "the judgment or other appealable order."

 An untimely notice of appeal or a notice of appeal which does not contain
jurisdictional assertions will not invoke the jurisdiction of the court of appeals. See Riewe,
13 S.W.3d at 411. Unless the jurisdiction of the appellate court is invoked, the appellate
court has no jurisdiction over the appeal and must dismiss the matter. See Slaton v. State,
981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 523 
(Tex.Crim.App. 1996). 

 Appellant's notice of appeal does not show that appellant desires to appeal from
either a judgment or an order. The form of appellant's notice of appeal is not sufficient to 


invoke our appellate jurisdiction. Accordingly, we dismiss the appeal for want of
jurisdiction. 

 

 Phil Johnson

 Justice






Do not publish.



1. Further reference to the Rules of Appellate Procedure will be by referencing "TRAP
_."