NO. 07-08-0221-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 6, 2008

______________________________


BARRY DWAYNE MINNFEE, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee


_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 43,519-C; HON. ANA ESTEVEZ, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Barry Dwayne Minnfee attempts to appeal his conviction of burglary of a habitation. 
Sentence was imposed on January 28, 2002. However, notice of appeal was not filed until 
May 16, 2008. We dismiss for want of jurisdiction. 
Â Â Â Â Â Â Â Â Â Â To be timely, a notice of appeal must be filed within 30 days after the sentence is
imposed or suspended in open court or within 90 days after that date if a motion for new
trial is filed. Tex. R. App. P. 26.2(a). Appellantâs notice of appeal was clearly filed after the
appropriate deadline. 
Â Â Â Â Â Â Â Â Â Â A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no
action other than to dismiss the proceeding. Id. at 523. Appellantâs notice being untimely
filed, we have no jurisdiction over the matter and dismiss the appeal.
Â Â Â Â Â Â Â Â Â Â Accordingly, appellantâs appeal is dismissed.



Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Do not publish. 



eption Locked="false" Priority="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0391-CR

  NO. 07-10-0392-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-10-0393-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-10-0394-CR

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR
THE SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
B

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  OCTOBER 6, 2010

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  RICARDO
CAVAZOS,

Â 

Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, 

Â 

Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _________________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

Â 

NOS. 51,006-C; 51,007-C, 51,008-C,
51,009-C; 

Â 

HON. PATRICK A. PIRTLE, PRESIDING

_______________________________

Â 

Memorandum OpinionÂ  

_______________________________

Â 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ricardo
Cavazos (appellant) filed a document called a Âmotion for out of time appeal.ÂÂ  In it, he informs us of his intent to appeal
his conviction in various causes of action.Â 
However, he also acknowledges that the period in which to perfect a
timely appeal lapsed long ago.Â  Thus, we
treat his ÂmotionÂ as a notice of appeal and dismiss the appeals for want of
jurisdiction.Â  

According to the information before us, the trial court
sentenced appellant on March 8, 2006.Â  At
that point, he allegedly told the court that he wanted to appeal.Â  However, no notice of appeal was filed within
the time necessary to effectively effectuate his desire.Â  Instead, we received the aforementioned
ÂmotionÂ on September 15, 2010.Â  

It is beyond dispute that a timely notice of appeal is necessary to invoke our jurisdiction.
State v. Riewe, 13 S.W.3d 408, 410
(Tex. Crim. App. 2000); Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996).Â 
To be timely, the notice must be filed within thirty days after sentence
was pronounced in open court, unless a timely motion for new trial was
filed.Â  Tex.
R. App. P. 26.2.Â  Irrespective of
whether a motion for new trial actually was filed and denied here, a notice
tendered more than four years after the trial court sentenced appellant in open
court is untimely.Â  So, we have no
jurisdiction over the matter.Â  State v. Riewe, supra.

Accordingly,
the appeal is dismissed for want of jurisdiction.Â  However, an appellant may petition the Texas
Court of Criminal Appeals under article 11.07 of the Code of Criminal Procedure
for leave to initiate a belated appeal, as the petitioner apparently did in Ex parte Garcia, 988 S.W.2d 240 (Tex.
Crim. App. 1999).

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Â 

Do not publish.