NO. 07-08-0354-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 1, 2008

_____

DAVID SINCHES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 7595; HON.STEVEN RAY EMMERT, PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant David Sinches attempts to appeal from his conviction of the offense of forgery by passing and the resulting sentence of twenty-four months in the State Jail Division of the Texas Department of Criminal Justice.  Sentence was imposed on July 29, 2008.  On that same day, the trial court certified appellant had no right of appeal and that

appellant had waived the right of appeal. Tex. R. App. P. 25.2. Appellant filed his notice of appeal on September 8, 2008.[1]

By a September 16 letter, this Court notified appellant that his notice of appeal appeared late and directed him to file any documents or matters considered necessary for the Court to determine its appellate jurisdiction. By the same letter, this Court advised appellant that his appeal was subject to dismissal unless the Court received an amended certification under Rule of Appellate Procedure 25.2 providing that appellant has the right of appeal or he demonstrated other grounds for continuing the appeal, on or before October 16, 2008. Appellant has corresponded with the Court, but his correspondence does not provide information permitting us to conclude we have jurisdiction over his appeal.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed. Tex. R. App. P. 26.2(a). Appellant's notice of appeal was not timely filed.

A timely notice of appeal is essential to invoke our appellate jurisdiction. *State v. Riewe,* 13 S.W.3d 408, 411 (Tex.Crim.App. 2000); *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id.* at 523. *See also Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Further, the rules we must follow require us to dismiss an appeal in a criminal case

---

[1] No motion for new trial was filed. Appellant did not file a motion for extension of time to file his notice of appeal. Tex. R. App. P. 26.3.

in the absence of a certification showing the appellant has the right of appeal.  Tex. R. App.

P. 25.2(d).


Accordingly, appellant's appeal is dismissed.[2]



James T. Campbell
Justice


Do not publish.

---

[2] Permission for an out-of-time appeal must be granted by the Court of Criminal Appeals.  Tex. Code Crim. Proc. art. 11.07 (Vernon 2007).