NO. 07-09-0365-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 20, 2009

_____

CHARLES EDWARD SIMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 55,097-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Charles Edward Sims, was convicted by a jury of aggravated sexual assault of a child. Sentence was imposed at forty years confinement. We dismiss this purported appeal for want of jurisdiction.

A timely and proper notice of appeal invokes this Court's jurisdiction. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). When no motion for new trial is filed, a notice of appeal must be filed within thirty days after the date sentence is imposed. Tex.

R. App. P. 26.2(a)(1). The deadline may be extended if, within fifteen days, the party files the notice with the trial court clerk and a motion for extension of time in this Court. Tex. R. App. P. 26.3. This Court has no authority to invoke Rule 2 to enlarge the time in which to file a notice of appeal. Tex. R. App. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

The limited documents filed to date reflect that Appellant was sentenced on August 25, 2009. No motion for new trial was filed making the deadline in which to file the notice of appeal September 25, 2009. With the fifteen day extension provided by Rule 26.3, the deadline was extended to October 10, 2009.[1] Appellant, however, did not file his notice of appeal until November 6, 2009. Appellant's failure to timely file his notice of appeal prevents this Court from having jurisdiction to entertain his appeal.[2]

Consequently, the appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.

---

[1]The deadline was further extended to Monday, October 12, 2009, (this Court is not closed on Columbus Day) because October 10th fell on a Saturday. Tex. R. App. P. 4.1(a).

[2]Appellant may be entitled to relief by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07(Vernon Supp. 2009).