02-10-311-CR
















 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-10-311-CR

 

 


 
 
 RUBEN ELOY MARTINEZ
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL
 DISTRICT COURT NO. 3 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

                             

          Appellant
Ruben Eloy Martinez attempts to appeal from the trial court’s judgment
sentencing him to twelve years’ confinement for possession with intent to
deliver a controlled substance of four grams or more, but less than 200 grams,
namely: cocaine.  We dismiss the appeal
for lack of jurisdiction.

          Martinez’s
sentence was imposed on June 2, 2010. 
Martinez filed a motion for new trial and a notice of appeal on July 21,
2010, even though they were due on July 2, 2010.[2]  See
Tex. R. App. P. 26.2(a)(2).

          We
sent notice to Martinez on August 4, 2010, stating that because of the apparent
untimeliness of his notice of appeal, we would dismiss the appeal unless he or
any party desiring to continue the appeal responded by August 16, 2010, and
showed grounds for continuing the appeal. 
See Tex. R. App. P.
9.2(b)(1)–(2).  Martinez filed a response
that did not show grounds for continuing the appeal.

          The
lack of a timely notice of appeal deprives this court of jurisdiction.  See
State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); Slaton v. State, 981 S.W.2d 208, 209–10
(Tex. Crim. App. 1998); Mays v. State,
No. 02-07-00442-CR, 2008 WL 820198, at *1 (Tex. App.––Fort Worth Mar. 27, 2008,
pet. ref’d) (mem. op., not designated for publication).  Therefore, because Martinez failed to timely
file his notice of appeal in the proper location and failed to provide us with
grounds for continuing his appeal, we must dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 43.2(f).

 

                                                                             SUE
WALKER

                                                                             JUSTICE


 

PANEL:  WALKER,
MCCOY, and MEIER, JJ.

                                                                             

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
 September 23, 2010











[1]See Tex. R. App. P. 47.4.





[2]Martinez
sent his motion for new trial and his notice of appeal to the district attorney’s
office on June 30, 2010, but they were not received by the district clerk’s
office until July 21, 2010.  Neither
Texas Rule of Appellate Procedure 25.2(c) nor Texas Rule of Appellate Procedure
9.2 mentions anything about filing the notice of appeal with the district
attorney’s office.  Moreover, several
cases hold that delivering the notice of appeal to the district attorney’s
office does not constitute filing the notice of appeal with the proper
authority.  See Dean v. State, No. 06-10-00007-CR, 2010 WL 533071, at *1 n.2
(Tex. App.––Texarkana Feb. 12, 2010, no pet.) (mem. op., not designated for
publication); Snowden v. State, No.
04-99-00772-CR, 1999 WL 1261819, at *1 (Tex. App.––San Antonio Dec. 29, 1999,
no pet.) (not designated for publication).