

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-311-CR

RUBEN ELOY MARTINEZ                                          APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Ruben Eloy Martinez attempts to appeal from the trial court's judgment sentencing him to twelve years' confinement for possession with intent to deliver a controlled substance of four grams or more, but less than 200 grams, namely: cocaine. We dismiss the appeal for lack of jurisdiction.

---

[1]*See* Tex. R. App. P. 47.4.

Martinez's sentence was imposed on June 2, 2010. Martinez filed a motion for new trial and a notice of appeal on July 21, 2010, even though they were due on July 2, 2010.[2] *See* Tex. R. App. P. 26.2(a)(2).

We sent notice to Martinez on August 4, 2010, stating that because of the apparent untimeliness of his notice of appeal, we would dismiss the appeal unless he or any party desiring to continue the appeal responded by August 16, 2010, and showed grounds for continuing the appeal. *See* Tex. R. App. P. 9.2(b)(1)–(2). Martinez filed a response that did not show grounds for continuing the appeal.

The lack of a timely notice of appeal deprives this court of jurisdiction. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Slaton v. State*, 981 S.W.2d 208, 209–10 (Tex. Crim. App. 1998); *Mays v. State*, No. 02-07-00442-CR, 2008 WL 820198, at *1 (Tex. App.—Fort Worth Mar. 27, 2008, pet. ref'd) (mem. op., not designated for publication). Therefore, because Martinez failed to timely file his notice of appeal in the proper location and failed to provide us with

---

[2]Martinez sent his motion for new trial and his notice of appeal to the district attorney's office on June 30, 2010, but they were not received by the district clerk's office until July 21, 2010. Neither Texas Rule of Appellate Procedure 25.2(c) nor Texas Rule of Appellate Procedure 9.2 mentions anything about filing the notice of appeal with the district attorney's office. Moreover, several cases hold that delivering the notice of appeal to the district attorney's office does not constitute filing the notice of appeal with the proper authority. *See Dean v. State*, No. 06-10-00007-CR, 2010 WL 533071, at *1 n.2 (Tex. App.––Texarkana Feb. 12, 2010, no pet.) (mem. op., not designated for publication); *Snowden v. State*, No. 04-99-00772-CR, 1999 WL 1261819, at *1 (Tex. App.—San Antonio Dec. 29, 1999, no pet.) (not designated for publication).

grounds for continuing his appeal, we must dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

SUE WALKER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 23, 2010