NO. 07-10-0391-CR

                                                      NO. 07-10-0392-CR

                                                      NO. 07-10-0393-CR

                                                      NO. 07-10-0394-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                             OCTOBER 6, 2010

                                            ______________________________

 

                                                          RICARDO
CAVAZOS,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

Appellee

                                         _________________________________

 

                       FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NOS. 51,006-C; 51,007-C, 51,008-C,
51,009-C; 

 

HON. PATRICK A. PIRTLE, PRESIDING

_______________________________

 

Memorandum Opinion  

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ricardo
Cavazos (appellant) filed a document called a “motion for out of time appeal.”  In it, he informs us of his intent to appeal
his conviction in various causes of action. 
However, he also acknowledges that the period in which to perfect a
timely appeal lapsed long ago.  Thus, we
treat his “motion” as a notice of appeal and dismiss the appeals for want of
jurisdiction.  

According to the information before us, the trial court
sentenced appellant on March 8, 2006.  At
that point, he allegedly told the court that he wanted to appeal.  However, no notice of appeal was filed within
the time necessary to effectively effectuate his desire.  Instead, we received the aforementioned
“motion” on September 15, 2010.  

It is beyond dispute that a timely notice of appeal is necessary to invoke our jurisdiction.
State v. Riewe, 13 S.W.3d 408, 410
(Tex. Crim. App. 2000); Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996). 
To be timely, the notice must be filed within thirty days after sentence
was pronounced in open court, unless a timely motion for new trial was
filed.  Tex.
R. App. P. 26.2.  Irrespective of
whether a motion for new trial actually was filed and denied here, a notice
tendered more than four years after the trial court sentenced appellant in open
court is untimely.  So, we have no
jurisdiction over the matter.  State v. Riewe, supra.

Accordingly,
the appeal is dismissed for want of jurisdiction.  However, an appellant may petition the Texas
Court of Criminal Appeals under article 11.07 of the Code of Criminal Procedure
for leave to initiate a belated appeal, as the petitioner apparently did in Ex parte Garcia, 988 S.W.2d 240 (Tex.
Crim. App. 1999).

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

 

 

Do not publish.