NO. 07-11-0112-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 MARCH 29, 2011
 ______________________________

 KENNETH RAY McCAIN, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

 NO. 127,946; HONORABLE W. F. "CORKY" ROBERTS, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 Following a plea of not guilty, Appellant, Kenneth Ray McCain, was convicted by a jury of domestic violence assault, a Class A misdemeanor, and sentenced to 180 days confinement in the Potter County Jail, suspended for one year, and a $100 fine. We dismiss this purported appeal for want of jurisdiction.
 A timely and proper notice of appeal invokes this Courts jurisdiction. State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). When no motion for new trial is filed, a notice of appeal must be filed within thirty days after the day sentence is imposed. Tex. R. App. P. 26.2(a)(1). The deadline may be extended if, within fifteen days, the party files the notice with the trial court clerk and also files a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. See Tex. R. App. P. 26.3. This Court has no authority to invoke Rule 2 to enlarge the time in which to file a notice of appeal. Tex. R. App. P. 2; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).
The limited documents filed to date reflect that Appellant was sentenced on January 24, 2011. No motion for new trial was filed making the deadline in which to file a notice of appeal Wednesday, February 23, 2011. Applying the fifteen day extension provided by Rule 26.3, the deadline was extended to Thursday, March 10, 2011. However, the notice of appeal and motion for extension of time were not filed until Friday, March 11, 2011, one day after all possible deadlines had expired. Appellant's untimely filing of his notice of appeal and motion for extension of time prevents this Court from acquiring jurisdiction to entertain his appeal.

Consequently, this purported appeal is dismissed for want of jurisdiction.

 Patrick A. Pirtle
 Justice

Do not publish