NO. 07-11-0248-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL E

 JULY 26, 2011

 ______________________________

 DIMAS MORENO, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 137[TH] DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2010-426,193; HONORABLE JOHN J. MCCLENDON III, JUDGE

 _______________________________

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.
 MEMORANDUM OPINION
 Pursuant to a plea bargain, Appellant, Dimas Moreno, was convicted of possession with intent to deliver a controlled substance in an amount of four or more but less than 200 grams in a drug free zone and sentenced to fifteen years confinement. The trial court certified that Appellant had the right to appeal matters raised by written motion and ruled on before trial. We dismiss this purported appeal for want of jurisdiction.
 A timely and proper notice of appeal invokes this Courts jurisdiction. State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). When no motion for new trial is filed, a notice of appeal must be filed within thirty days after the day sentence is imposed. Tex. R. App. P. 26.2(a)(1). The deadline may be extended if, within fifteen days, the party files the notice with the trial court clerk and also files a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. See Tex. R. App. P. 26.3. This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. Tex. R. App. P. 2; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).
The limited documents filed to date reflect that Appellant was sentenced on April 21, 2011. No motion for new trial was filed making the deadline in which to file a notice of appeal Monday, May 23, 2011. Applying the fifteen day extension provided by Rule 26.3, the deadline was extended to Tuesday, June 7, 2011. However, the notice of appeal was not filed until June 22, 2011, after all deadlines for doing so had expired. Appellant's untimely filing of his notice of appeal and motion for extension of time prevents this Court from acquiring jurisdiction to entertain his appeal.

Consequently, this purported appeal is dismissed for want of jurisdiction.
 Patrick A. Pirtle
 Justice

Do not publish.