NO. 07-11-0479-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 DECEMBER 12, 2011

 ______________________________

 MICHAEL PINA MONTION, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 64[TH] DISTRICT COURT OF HALE COUNTY;

 NO. A18655-1012; HONORABLE WALLY HATCH, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 Following a conviction for burglary of a habitation, on March 3, 2011, Appellant, Michael Pina Montion, was sentenced to six years confinement, suspended in favor of community supervision, and assessed a $1,000 fine. The State filed a motion to revoke community supervision for violations of the terms and conditions thereof. On October 24, 2011, following a hearing, the trial court granted the State's motion, revoked Appellant's community supervision and imposed the original sentence. Appellant filed a notice of appeal on November 30, 2011. We dismiss for want of jurisdiction.
 A timely and proper notice of appeal invokes this Courts jurisdiction. State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). When no motion for new trial is filed, a notice of appeal must be filed within thirty days after the day sentence is imposed. Tex. R. App. P. 26.2(a)(1). The deadline may be extended if, within fifteen days, the party files the notice with the trial court clerk and files in this Court a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 26.3. (Emphasis added). This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file the notice of appeal or the motion for extension of time. Tex. R. App. P. 2; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).
The judgment reflects that Appellant's sentence was imposed on October 24, 2011. Because no motion for new trial was filed, Appellant's notice of appeal was due to be filed with the trial court clerk on or before November 23, 2011. Notwithstanding that the notice of appeal was filed in the trial court on November 30, 2011, within the fifteen day period provided by Rule 26.3, no motion for extension of time was timely filed in this Court. Consequently, this Court is without authority to extend the time to file the notice of appeal and the untimely notice of appeal prevents this Court from exercising jurisdiction over this case. 
Accordingly, this appeal is dismissed for want of jurisdiction.
 Patrick A. Pirtle
 Justice