NO. 07-12-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 10, 2012

_____

EMILIO CHAVEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-428,968; HONORABLE JIM B. DARNELL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Emilio Chavez, Jr., attempts to appeal the trial court's denial of his *Motion for New Trial* as it relates to his conviction for forgery of a financial instrument for which he was sentenced to four years confinement.[1] We dismiss for want of jurisdiction.

_____

[1]Tex. Penal Code Ann. § 32.21(d) (West 2011).

The limited documents before this Court reflect that Appellant's sentence was imposed on February 15, 2011, and that his motion for new trial was not filed until June 16, 2011. His notice of appeal was filed on January 10, 2012.

In a criminal case, a motion for new trial is due no later than thirty days after the date sentence is imposed. *See* Tex. R. App. P. 21.4(a). A timely and proper notice of appeal invokes this Court's jurisdiction. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). An untimely motion for new trial is ineffective to extend the time in which to file a notice of appeal and, unless properly extended, the notice must be filed within thirty days after the day sentence is imposed. Tex. R. App. P. 26.2(a). The deadline for filing a notice of appeal may be extended if, within fifteen days, the party files the notice with the trial court clerk and also files a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court.[2] *See* Tex. R. App. P. 26.3. This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. *See* Tex. R. App. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Appellant was sentenced on February 15, 2011. His motion for new trial filed on June 16, 2011, was untimely. Therefore, his notice of appeal was due to be filed with the trial court clerk on March 17, 2011, or no later than April 1, 2011, if the fifteen day extension period had been applied. Appellant did not, however, file his notice of appeal

---

[2]Unlike in civil cases, the motion for extension of time reasonably explaining the delay cannot be implied. *Cf. Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

until January 10, 2012, well beyond all deadlines in which to invoke this Court's jurisdiction.[3]

Additionally, having found no jurisdiction to entertain this appeal, Appellant's request for a copy of a docketing statement and his *Motion for Extension of Time* in which to file same is rendered moot.

Consequently, we dismiss this purported appeal for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.

---

[3]The *Trial Court's Certification of the Defendant's Right to Appeal*, which Appellant signed, indicates the underlying case was a plea bargain case from which he had no right of appeal.