

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00314-CR
_____

KENDRA DRAUGHAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010-428,943; Honorable John J. "Trey" McClendon, Presiding

October 7, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Kendra Draughan, was convicted of possession of a controlled substance with intent to deliver one gram or more but less than four.[1] According to the *Criminal Appeal Certificate* filed by the Lubbock County District Clerk, punishment was assessed at ten years confinement. Pending before this Court is Appellant's *Motion for Extension of Time* requesting additional time to file the notice of appeal. According to

---

[1]Tex. Health & Safety Code Ann. § 481.112(c) (West 2010).

the motion, Appellant was on community supervision, which was revoked on August 5, 2013.[2] Appellant asserts that the judgment or order of revocation has either been lost or not signed. According to the *Criminal Appeal Certificate*, no motion for new trial was filed. Notice of appeal was filed in the trial court on September 20, 2013. For the reasons expressed herein, we dismiss this purported appeal for want of jurisdiction.

A timely and proper notice of appeal invokes this Court's jurisdiction. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). When, as here, no motion for new trial is filed, a notice of appeal must be filed within thirty days after the day sentence was imposed. TEX. R. APP. P. 26.2(a)(1). The deadline may be extended if, within fifteen days, the party files the notice with the trial court clerk and also files a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. *See* TEX. R. APP. P. 26.3. This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. *See* TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

The *Criminal Appeal Certificate* reflects that Appellant's sentence was imposed in open court on August 5, 2013. No motion for new trial having been filed, the thirtieth day to file the notice of appeal was September 4, 2013. Applying the fifteen day extension provided by Rule 26.3 extended the deadline to September 19, 2013. The notice of appeal, however, was not filed until September 20, 2013, after all deadlines for

---

[2]The *Criminal Appeal Certificate* does not reflect that Appellant was placed on community supervision.

2

doing so had expired.  Appellant's untimely filing of her notice of appeal prevents this Court from acquiring jurisdiction to entertain her appeal.[3]

Consequently, this purported appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.

---

[3]Appellant may be entitled to relief by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012).