

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00339-CR

_____

JAMES JAY LARGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 16,028-B; Honorable John B. Board, Presiding

October 16, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, James Jay Large, was convicted in 2007 of four counts of aggravated sexual assault of a child and sentenced to thirty years confinement for Count I, fifteen years confinement for Count II and twenty-five years confinement for Counts III and IV. The documents filed by Appellant reflect that his conviction was the result of a plea bargain. On October 15, 2013, Appellant, proceeding *pro se*, filed a notice of appeal in

the trial court requesting permission to appeal based on newly discovered evidence. For the reasons expressed herein, we dismiss this purported appeal for want of jurisdiction.

A timely and proper notice of appeal invokes this Court's jurisdiction. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). When, as here, no motion for new trial was filed, the notice of appeal was required to be filed within thirty days after the day Appellant's sentence was imposed. TEX. R. APP. P. 26.2(a)(1). The deadline could have been extended if, within fifteen days of the deadline, Appellant had filed the notice with the trial court clerk and had also filed a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. *See* TEX. R. APP. P. 26.3. This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. *See* TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

The District Clerk's Certificate filed in this Court with the notice of appeal reflects that Appellant's sentence was imposed in open court on July 25, 2007. No motion for new trial having been filed, the thirtieth day to file the notice of appeal was August 24, 2007. Applying the fifteen day extension provided by Rule 26.3 extended the deadline to Monday, September 10, 2007.[1] The notice of appeal, however, was not filed until more than six years later on October 15, 2013, after all deadlines for doing so had expired.

---

[1]The fifteenth day fell on Saturday, September 8th, but was extended to September 10, 2007, pursuant to Rule 4.1(a) of the Texas Rules of Appellate Procedure.

Although Appellant could be entitled to relief by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012), his untimely filing of his notice of appeal herein prevents this Court from acquiring jurisdiction to entertain his appeal at this time.

Consequently, this purported appeal is dismissed for want of jurisdiction.


Patrick A. Pirtle
Justice


Do not publish.