

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00446-CR
_____

DANNY LYNN WARE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 67,226-B; Honorable John Board, Presiding

January 6, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Pursuant to a plea bargain, Appellant, Danny Lynn Ware, was convicted of aggravated assault with a deadly weapon and sentenced to ten years confinement and a $500 fine. Sentence was imposed on September 12, 2013, and the trial court signed a *Trial Court's Certification of Defendant's Right of Appeal* reflecting Appellant had no right of appeal and had waived the right to appeal. On December 27, 2013, Appellant,

proceeding *pro se,* filed a "Request to Preserve Evidence" in the trial court requesting permission to appeal his plea bargain.[1] For the reasons expressed herein, we dismiss this purported appeal for want of jurisdiction.

A timely and proper notice of appeal invokes this Court's jurisdiction. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). When, as here, no motion for new trial was filed, the notice of appeal was required to be filed within thirty days after the day Appellant's sentence was imposed. TEX. R. APP. P. 26.2(a)(1). The deadline could have been extended if, within fifteen days of the deadline, Appellant had filed the notice with the trial court clerk and had also filed a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. *See* TEX. R. APP. P. 26.3. This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. *See* TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The limited documents filed in this Court reflect that Appellant's sentence was imposed in open court on September 12, 2013. The thirtieth day to file the notice of appeal was October 12, 2013. Applying the fifteen day extension provided by Rule 26.3 extended the deadline to October 27, 2013.[2] The notice of appeal, however, was not filed until after all deadlines for doing so had expired. Appellant's untimely filing of his notice of appeal prevents this Court from acquiring jurisdiction to entertain his appeal. In his *pro se* notice of appeal, Appellant indicates he has filed a *writ of habeas corpus*

---

[1]We interpret this filing as a notice of appeal.

[2]The fifteenth day fell on a Sunday so the deadline was extended to Monday, October 28, 2013, pursuant to Rule 4.1(a) of the Texas Rules of Appellate Procedure.

pursuant to article 11.07 of the Texas Code of Criminal Procedure. He may be entitled to consideration of an out-of-time appeal if he is successful on his writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013).

Consequently, this purported appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.