

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00332-CR

Martin Salvador **HERNANDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2002CR2660
The Honorable Angus K. McGinty, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
           Rebeca C. Martinez, Justice
           Patricia O. Alvarez, Justice

Delivered and Filed:  June 25, 2014

DISMISSED FOR WANT OF JURISDICTION

On May 5, 2014, appellant Martin Salvador Hernandez filed a document entitled "Late Notice of Appeal." After reviewing the motion, it appeared appellant was seeking an extension of time to file his notice of appeal. However, the district clerk advised that no notice of appeal was filed in the trial court, and we have determined that no notice of appeal has been filed in this court.

Because this court's jurisdiction is invoked by the timely filing of a notice of appeal, *see State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); TEX. R. APP. P. 25.2(b), we rendered an order on May 14, 2014, ordering appellant to file a written response in this court on or before

June 13, 2014, establishing that he timely filed a notice of appeal and thereby invoked this court's jurisdiction. We advised that if appellant failed to satisfactorily respond within the time provided, the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We informed appellant that if a supplemental clerk's record is required to establish he timely filed a notice of appeal, he was required to ask the trial court clerk to prepare one and notify the clerk of this court that such a request was made.

Appellant filed a response on May 28, 2014, which specifically states it is in response to our May 14, 2014 order. However, the substance of the motion concerns appellant's contention that his notice of appeal was timely. He did not address the total absence of the notice of appeal, nor did he request a supplemental clerk's record in which a notice of appeal might have appeared. Appellant seems to assume a notice of appeal was filed, but our order explicitly advised him that no notice of appeal was filed in either the trial court or this court. Rather, the only document filed was a motion to extend time to file a notice of appeal.

Accordingly, we hold appellant has not invoked this court's jurisdiction. *See Riewe*, 13 S.W.3d at 410; TEX. R. APP. P. 25.2(b). Therefore, we dismiss this appeal for want of jurisdiction. Although this court does not have jurisdiction to grant out-of-time appeals, out-of-time appeals from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991).

PER CURIAM

Do No Publish