

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00240-CR

Lorenzo Alejandro **HERRERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR3175W
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

PER CURIAM

Sitting:     Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  July 26, 2017

DISMISSED FOR WANT OF JURISDICTION

Appellant filed a notice of appeal on April 3, 2017, stating he is appealing the denial of his "Motion to Discover All Documentary Evidence in Compliance with the Michael Morton Act." In his notice of appeal, he specifies he is not appealing the underlying judgment of conviction signed on April 30, 2012.  However, the clerk's record does not include an order either granting or denying the Motion to Discover All Documentary Evidence in Compliance with the Michael Morton Act, but rather reflects his motion is currently pending in the trial court.

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a).1. The notice of appeal must be in writing and must contain the necessary jurisdictional allegations. *Id.* R. 25.2(b); *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). Rule 25.2(b) of the Texas Rules of Appellate Procedure further provides that a notice of appeal is sufficient if the notice shows the party's desire to appeal from a "judgment or other appealable order." R. 25.2(b). A notice of appeal which does not contain the necessary jurisdictional allegations will not invoke the jurisdiction of the court of appeals. *Riewe*, 13 S.W.3d at 410. Unless the jurisdiction of the appellate court is invoked, the appellate court has no jurisdiction over the appeal and must dismiss the matter. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

Because appellant specifically stated he is not appealing the underlying judgment of conviction and the record did not include an order either granting or denying his Motion to Discover All Documentary Evidence in Compliance with the Michael Morton Act, it appeared we lacked jurisdiction over this attempted appeal. We therefore ordered appellant to file in this court, on or before July 5, 2017, a written response showing cause why this appeal should not be dismissed for want of jurisdiction. We also advised appellant that if no satisfactory response was filed within the time provided, we would dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(c).

Appellant filed a response, admitting this court lacked jurisdiction. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

Do Not Publish